WILLIAM J. RICE v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 7 October, 1914.)

**1. Courts—Pleadings—Amendments—Answer—Waiver.**

When a defendant answers an amended complaint which has been permitted by the court, his doing so is a waiver of any objection thereto he might otherwise have had.

**2. Railroads — Construction — Negligence — Drain Pipes—Ponding Water—Limitations of Actions.**

Where a plaintiff sues a railroad company for damages arising from sickness in his family alleged to have been caused by the negligence of the defendant in failing to properly keep open a culvert under its track to carry off accumulating or running waters, resulting in ponding the waters upon plaintiff's lands under his dwelling-house, the negligence complained of is not barred by the five-year statute of limitation, running from the time the culvert was constructed, the damages sought having arisen from an alleged subsequent negligent act in connection with the drain.

**3. Railroads—Ponding Water—Malaria—Mosquitoes—Evidence.**

In an action to recover damages of a railroad company for malarial sickness alleged to have been caused in the plaintiff's family from the negligence of the defendant in not keeping a drain under its track properly cleaned out and open, thus ponding water under the plaintiff's dwelling, his physician testified that the ponded water bred mosquitoes whose bite caused the malaria, and it is held competent for plaintiff to testify as to the sickness of certain of his children thus caused.

167—1

4. **Same—Children—Value of Services—Observation of Jury—Witnesses—Evidence.**

Where damages are allowable to the parent by reason of the sickness of his children, caused by the act of defendant in ponding water under his dwelling, and the children are exhibited to the jury, it is competent for the jury to take into their consideration in assessing the damages their own observation and knowledge of the value of such children to their parents in their own homes.

5. **Railroads—Drain Pipes—Ponding Water—Malaria—Negligence—Trials—Evidence—Burden of Proof—Instructions.**

Where a railroad company is sued for not keeping its drain pipe under its roadbed properly cleaned out, thus ponding water under the plaintiff's house, and causing sickness in his family, and there is evidence tending to show this resulted in the sickness complained of, it is competent to ask a witness whether the water would have been thus ponded had the drain been cleaned; and in this case it is held that the instruction of the judge as to the burden of proof was not objectionable to the defendant.

APPEAL by defendant from *Daniels, J.,* at June Term, 1914, of CARTERET.

This is an action for damages in diverting and ponding water by the defendant's embankment, causing sickness of plaintiff's children and the loss of their services and the expense of the doctor's bill and medicine.

Verdict and judgment for the plaintiff. Appeal by the defendant.

*Abernethy & Davis and C. R. Wheatley for plaintiff.*
*Moore & Dunn and I. F. Duncan for defendant.*

CLARK, C. J. The defendant's roadbed was constructed at this point in 1906. By reason of the embankment in the defendant's track in front of plaintiff's house surface water was ponded back under the house. To relieve this the defendant put a tile drain in this embankment in 1910. Before the embankment was placed there, there was a natural drainage of the surface water. The tile drain at first took the water off. Afterwards, in 1911, it became clogged, ponding water under the house, with the result, as witnesses testified, of causing plaintiff's children to have malarial fever. There was evidence of the cost of the doctor's bill and medicine and plaintiff's loss of the services of his children, who were 13, 15, and 18 years of age, respectively.

The original complaint was based upon damages sustained by the construction of the embankment in 1906. By the amended complaint the cause of action was based upon the failure to keep the pipe open since May, 1911, and the damages caused thereby. The demurrer *ore tenus* was properly overruled. If there had been any valid objection to amending the complaint, it had been waived by the amended answer

which had been filed, and the court ruled that only such damages could be recovered as resulted to the plaintiff by the stoppage of the drain under the roadbed, as alleged in the amended complaint. The issues submitted were not for damages from the original construction of the embankment, but whether "the defendant negligently failed to keep open and maintain the drain pipe as alleged in the amended complaint," and, "If so, what amount of damages the plaintiff was entitled to recover by reason thereof."

This action can be maintained, as was held in *Duval v. R. R.,* 161 N. C., 448, and cases there cited. The action is not for damages from the original construction of the roadbed or permanent injuries, which would be barred in five years, but is for the subsequent injury caused by failing to keep the tile drain open within three years before amended complaint was filed.

Exceptions 2 to 9 are to the testimony relative to the drain pipe being allowed to clog up, and the damages sustained thereby. This was clearly competent. *Duval v. R. R., supra.*

Exceptions 10 to 13 are to the testimony that the sickness of the boys, the plaintiff's children, was caused by the ponding of the water, and was competent. Exceptions 4 and 16 are for the refusal to nonsuit, and need not be considered. Exceptions 17, 18, 19, 24, and 25 are to the refusal of instructions prayed by the defendant for the purpose of raising the question as to plaintiff's right to recover upon the evidence in this case, and likewise require no discussion. There was the testimony of the physician that the ponded water bred mosquitoes whose bite caused malaria.

Exception 15 was to the refusal of the court to exclude the following question asked on cross-examination: "If you clean that sewer out, will it drain the land?" We see no error in admitting the question.

Exceptions 21, 22, and 23 are to the refusal of the instruction asked. "The jury could not consider any element of damage save and except the expenses incurred by plaintiff for medicine and expenses." It was alleged and shown that the three boys, sons of the plaintiff, were incapacitated from rendering any services for several weeks. These boys were 13, 15, and 18 years of age. They were before the jury, and while there was no evidence of any special services rendered by them to their parents, the value of their loss of time was a matter to be taken into consideration by the jury.

Exception 26 was abandoned and exception 27 was because the court charged the jury that the plaintiff must satisfy them "upon the greater weight of the evidence of every essential fact necessary to prove his case, that this drainway was put in by the railroad and that it failed to maintain and keep it in proper order, and that by its failure in this

duty the water was caused to be ponded on the premises of the plaintiff. If so satisfied, to answer the first issue 'Yes.'" We do not see why the defendant should object to this charge.

Exception 28 was because the court charged the jury: "You can take into consideration your own personal observation of the children, who have been exhibited, as to their earning capacity, together with all the evidence in the case about what the children did and what their services would be worth to the father during the five weeks they were sick. Whatever you find them to be worth, you will add to the amount of damages, if any you may find, under the second issue. You are also to consider whether their earnings have been diminished as a result of their sickness." It does not appear that the children were hired out, and what would be the reasonable value of their services around the home was a matter of common knowledge of which the jury could judge. It was not a matter of expert testimony.

It is now the accepted doctrine of the medical profession that malaria is transmitted by the bite of a certain kind of mosquito (*anopheles*), and that these mosquitoes are bred in standing water. The learned counsel for the defendant expressed his belief that mosquitoes were only bred in running water, and doubted the correctness of the doctrine that malaria was transmitted by their bite. But there was the testimony of the physician to this effect, and the court properly left the matter, being one of fact upon the testimony, to the jury. Indeed, there was no evidence to the contrary.

The other exceptions are merely formal. Indeed, the controversy seems to have been almost entirely over the facts. We find no error in the exceptions as to the law.

No error.