C. DANIEL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 15 September, 1915.)

**1. Parent and Child—Earnings of Child—Actions.**

In an action by a father to recover from his minor son's employer wages earned, an instruction to find a certain sum in favor of plaintiff if the jury believe the evidence was not error, where it did not appear that the father's authority over the son had been destroyed or renounced.

**2. Infants—Emancipation—What Constitutes.**

That a child is allowed to live away from his parents and receive his wages for work, and pays his expenses therefrom, does not constitute an emancipation, in the absence of a manifest intention of the parent to release his authority and control.

**3. Parent and Child—Earnings of Child—Contract with Employer.**

Where a father allows his minor son to work for a third party under an agreement whereby the son's wages are to be paid to him, payment to the son will be protected until the agreement is rescinded, whereupon the father is entitled to the wages.

APPEAL by defendant from *Carter, J.,* at April Term, 1915, of NASH. The case was tried upon this issue:

1. Is the defendant indebted to plaintiff; and, if so, in what amount? Answer: "$23.43, with interest from 18 January, 1913."

From the judgment rendered, the defendant appealed.

*M. V. Barnhill for plaintiff.*
*F. S. Spruill for defendant.*

BROWN, J. This is an action brought by the father of James L. Daniel, the infant son of the plaintiff, against the defendant, to recover wages paid to the said son. At the conclusion of the evidence, his Honor instructed the jury, if they believed the evidence, to answer the issue, "$23.40," this being the admitted amount due for the services of the said infant after deducting $15 board for one month. To this instruction the defendant excepted.

The uncontradicted evidence tends to prove that the said minor was in the employ of the defendant; that for a period of time he received his wages regularly with his father's consent and in pursuance of an arrangement with his father; that he boarded with his sister and paid her $15 per month board out of his said wages. The evidence tends further to prove that the father notified the defendant company at the end of the second month of his son's employment, at its office, not to pay the minor

his wages; that the defendant received this notice, and, notwithstanding, paid the minor. It is in evidence that the father, prior to that time, had permitted the son to receive the wages and, after paying his board and other expenses, to pay the remainder to him.

The minor testifies that there was an express agreement with his father that the minor was to collect the money, and, after paying expenses, to pay the balance to the father, which agreement was terminated when the father notified the railroad company not to pay the wages to the son. There is evidence that the son ran away from the father because he drove his father's horse too hard, but that the father never drove the son away from him. The son testifies: "I am now living with my father, and he has always taken care of me."

Upon this state of facts, which seems to be uncontradicted, we think the court did not err in giving the instructions. There is no sufficient evidence in this case of the destruction or renunciation of the parental authority, and the test to be applied is that of the preservation of the parental and filial relations. 29 Cyc., 1673.

The fact that the child is allowed to live away from its parents and receive his wages for work, and pays his expenses out of the same, does not amount to an emancipation, unless it is the manifest intention of the parent to release all parental authority and control. 29 Cyc., 1674.

In this case the son evidently was the agent of the father in making the contract and collecting his wages. He had no other authority than that which his father had conferred upon him. While the defendant was justified in paying the wages to the minor under this agreement, and would be protected by it, yet, when the consent of the father was withdrawn, the agreement rescinded, and the defendant duly notified, it was the duty of the defendant to pay the wages then accrued and thereafter earned to the plaintiff.

The judgment of the Superior Court is

Affirmed.