### W. G. CROOM v. J. G. MURPHY.

(Filed 31 March, 1920.)

**Abatement—Actions—Wrongful Death—Physicians—Surgeons.**

> An action for damages will not lie against a surgeon by a parent, for the instantaneous death of a child alleged to have been caused by the negligence of the surgeon and his assistant in not watching and giving the proper attention to the child while administering an anesthetic for an operation, the right of action abating with its death.

.APPEAL by plaintiff from *Allen, J.,* at the September Term, 1920, of NEW HANOVER.

This is an appeal from a judgment sustaining a demurrer to the complaint and dismissing the action.

The plaintiffs are parents of Mildred Croom, who, as alleged in the complaint, "died suddenly on an operating table," while undergoing an operation by the defendant, a physician and surgeon.

It is alleged that in performing the operation the defendant was assisted by a nurse, who administered ether, and the allegations of negligence and damages are as follows: .

8. That the death of the said Mildred Croom was caused by the negligence of the defendant, or his agents, in that:

1. That defendant failed to make the proper and necessary examination of the physical condition of the said Mildred Croom before said ether was to be administered to her.

2. In permitting and allowing said nurse, who was incompetent for that purpose, to administer ether to the said Mildred Croom.

3. The careless and negligent acts of said nurse, acting as the agent of and under the direction and control of defendant in administering too much ether to the said Mildred Croom or in administering the same in a careless and unskilled manner.

4. In the failure of the defendant, and defendant's agents, to observe the physical condition of the said Mildred Croom as indicated by her pulse and other symptoms while the said ether was being administered, and while she was under the influence of the same, and that one or the other, or all of the above acts of negligence, was the proximate cause of the death of the said Mildred Croom.

5. That by reason of the death of the said Mildred Croom, through the negligence of the defendant as above alleged, that these plaintiffs, the parents of the said Mildred Croom, did suffer and do still suffer great mental anguish, all of which these plaintiffs have been damaged, to wit, in the sum of ten thousand ($10,000) dollars.

The demurrer is chiefly on the ground that the death of Mildred Croom being sudden and instantaneous, no action can be maintained by the plaintiffs or by any one else except by an administrator.

*McClammy & Burgwin for plaintiff.*
*Wright & Stevens and Carr, Poisson & Dickson for defendant.*

ALLEN, J. The cause of action is the wrongful death of Mildred Croom, and the allegation of mental anguish is only important upon the issue of damages, and the authorities in this country and in England are practically uniform that the action cannot be maintained.

"At common law the right of action for an injury to the person abates upon the death of the party injured, the case falling within the familiar rule, *'actio personalis moritur cum persona.'* Hence, where death results, whether instantaneously or not, from such an injury, no action can be maintained by the personal representatives of the party injured to recover damages suffered by the decedent.

"In cases of injury to the person, however, in addition to the right of action of the party receiving the physical injury, causes of action may accrue to persons who stand to him or her in the relation of master, parent, or husband for the recovery of damages for the loss of service or society. To these persons the rule of *'actio personalis moritur cum persona'* has no application. It might naturally be supposed, therefore, that damages should be recovered by persons of this description, not only for the loss of service or society before the death, but also for the permanent loss of service or society, caused by the death. It might perhaps be supposed that the law would even grant a remedy, as is done by the Scotch law, to the children and to other members of the family of the deceased who might have suffered injury by his death, irrespective of any technical loss of service or of society; but to both classes alike the common law denies a remedy." Death by Wrongful Act, Tiffany (2 ed.), ch. 1, sec. 1.

CROOM *v.* MURPHY.

"The scope of the rule being that no action can be maintained for causing death, the rule does not preclude an action to recover damages for loss of service of the injured party during the period between the injury and the death, although the death resulted directly from the injury. Thus, in *Baker v. Bolton, Lord Ellenborough* told the jury that they could take into consideration the loss of the wife's society, and the distress of mind the plaintiff had suffered on her account, from the time of the accident until the moment of her dissolution; and this distinction has been followed." Death by Wrongful Act, Tiffany (2 ed.), ch. 1, sec. 17.

"The authorities are so numerous and so uniform to the proposition that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in English courts, and in many of the State courts, and no deliberate, well considered decision to the contrary is to be found." *Ins. Co. v. Brame,* 95 U. S., 756.

The same question has been decided many times in this State, two of the most important of these decisions in reference to the question now presented being *Killian v. R. R.,* 128 N. C., 261, in which it was held that the father could not maintain an action for the services of his son who was killed, and *Gurley v. Power Co.,* 172 N. C., 694, in which this doctrine was approved, and the Court says: "An action for the recovery of wages of a minor or for injury to him lies in favor of the parent; but if the child dies from the injury the action abates. The only action that lies in such case, in this State, is for wrongful death, as authorized by Rev., 59, and that embraces everything. In such action the value of the life before 21, as well as after 21 years of age, is recoverable. No other action lies than this. *Killian v. R. R.,* 128 N. C., 262. In *Davis v. R. R.,* 136 N. C., 115, the subject is again discussed, the Court holding: 'An action may be maintained by an administrator for the death of an infant by the wrongful act of another.' This case was reviewed and reaffirmed in *Carter v. R. R.,* 138 N. C., 750."

In *Bailey v. Long,* 172 N. C., 661, and *Bailey v. Long,* 175 N. C., 687, the cases relied on by the plaintiff, the death was not instantaneous, and this distinguishes them from the present case.

The judgment must be

Affirmed.