MAUD CRAIG v. SUNCREST LUMBER COMPANY ET AL.

(Filed 31 January, 1925.)

**Negligence—Wrongful Death—Survival of Actions—Parties—Statutes— Husband and Wife—Actions.**

> While the common law not permitting the recovery of damages for an injury inflicted, resulting in death, has now been changed by statute, allowing the cause of action to survive (C. S., 160), the statute requires that the action be brought by the personal representative of the deceased; and while a cause of action may, under certain circumstances, be open to the widow, as where she has independently suffered loss during the period between the injury to and the death of her husband, it cannot be upheld where the injury inflicted and the death are instantaneous. As to her recovery for loss of her husband's society, support and consortium, see *Hinnant v. Power Co., ante,* 120.

APPEAL by plaintiff from *Ray, J.,* at September Term, 1924, of HAYWOOD.

*Morgan & Ward and W. J. Hannah for plaintiff.*
*Alley & Alley for defendants.*

ADAMS, J. The plaintiff, who is the widow of George Craig, alleges that her husband was an employee of the defendant company, perform-

ing the duties of an engineer on its logging train, and that on 11 April, 1922, he was instantly killed by the negligence of the defendants. Thereafter she qualified as his personal representative and brought suit against the defendants in which she recovered judgment for $12,000. 185 N. C., 560. The present action is prosecuted in her individual capacity. She alleges that by reason of her husband's death she has suffered, now suffers, and will continue to suffer, grief and pain both of body and of mind, as well as the loss of the society, companionship, support, and consortium of her husband.

The defendants demurred to the complaint on the ground that it does not state a cause of action in that in appears upon its face that the deceased was killed instantaneously, and that the action cannot be maintained by the plaintiff in her individual right. The demurrer was sustained and the plaintiff appealed.

At common law a civil action was not permissible for an injury resulting in death. *Baker v. Bolton,* 1 Camp., 493; *Ins. Co. v. Brame,* 95 U. S., 754, 24 Law Ed., 580; *Mitchell v. Talley,* 182 N. C., 683. Under Lord Campbell's Act (C. S., sec. 160) the suit must be brought by the personal representative, and cannot be prosecuted by the widow of the deceased. *Howell v. Comrs.,* 121 N. C., 363. Conditions may exist under which an action may be brought for loss suffered during the period between the injury and the death, but this principle does not apply when the death is instantaneous. *Killian v. R. R.,* 128 N. C., 261; *Croom v. Murphy,* 179 N. C., 393. Upon the allegations in the complaint the plaintiff is not entitled to recover for loss of her husband's society, support, and consortium. This question is discussed and determined in *Hinnant v. Power Co., ante,* 120.

The demurrer was properly sustained and the judgment is
Affirmed.