L. C. REED v. WM. V. FARMER, CHAIRMAN OF BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY.

(Filed 24 February, 1937.)

1. **Counties § 17—Mandamus will not lie to compel chairman to sign county voucher since county commissioners are vested with control of finances.**
   The auditor of Madison County instituted this proceeding in *mandamus* against the chairman of the board of county commissioners to compel him to sign a salary voucher made out to the auditor (Public-Local Laws of 1917, ch. 201, as amended by Public-Local Laws of 1931, ch. 341). *Held:* Defendant chairman has no power or authority to pass upon the claim of plaintiff, but by constitutional provision such power is vested in the board of county commissioners, N. C. Constitution, Art. VII, sec. 2, and *mandamus* will not lie against defendant chairman, plaintiff's remedy, if he has a claim against the county, being to present it for approval to the county, and if not approved and paid, to institute action against the county.

**2. Mandamus § 1—**

    *Mandamus* will lie only to compel the performance of a legal duty of defendant at the instance of a party having a clear legal right to demand its performance, and where the party sought to be coerced has no power or duty to perform the act, his demurrer is properly sustained.

APPEAL by defendant from *Phillips, J.,* 18 September, 1936, at Chambers. From MADISON. Reversed.

The complaint of plaintiff is as follows:

"1. That the plaintiff is a citizen and resident of the county of Madison, North Carolina.

"2. That the defendant is a resident and citizen of the county of Madison and State of North Carolina.

"3. That Wm. V. Farmer is the chairman of the board of county commissioners of Madison County, North Carolina.

"4. That on 24 April, 1933, L. C. Reed was duly inducted into the office of auditor for Madison County, North Carolina, and has performed and carried out all the duties of said office up to the present time, that some of the duties of said auditor are to keep all accounts of the county, audit the books of the different governmental departments of the county, draw checks for the payment of official salaries, and for the payment of accounts, and to present same to the chairman of the county commissioners for his signature, and this plaintiff, in the course of his official duty, drew a voucher or check in favor of himself for part of his services and presented same to the chairman of the board of county commissioners for his signature, and that the defendant arbitrarily and without any good and valid reason refused to sign same.

"5. That the General Assembly of North Carolina, at its regular session of 1917, duly passed an act, which was ratified on 9 January, entitled 'An act appointing an auditor for Madison County and defining the duties of the position,' same being chapter 201, in words and figures (in part) as follows, to wit: 'Section 14. That the auditor of Madison County shall receive as full compensation for his services the sum of three dollars per day and mileage for the days actually engaged in the performance of his duties, said mileage to be the same as that received by the members of the board of county commissioners.'

"6. That the General Assembly of North Carolina, at its regular session of 1931, duly passed an act, which was ratified on 30 March, entitled 'An act to fix the fees of certain officials of Madison County whose salaries have been abolished and define the duties of certain officials and boards,' same being chapter 341, in words and figures (in part) as follows, to wit: 'Section 4. That from and after the ratification of this act no auditor or tax collector shall be elected for Madison County in any other way or manner save that provided in this section.

That on the first Monday in December, one thousand nine hundred and thirty-two, the chairman of the board of education, the chairman of the board of county commissioners, the chairman of the board of health, the chairman of the sinking fund commission, and their successors in office, and the chairman of any other board that may be created by the Legislature for Madison County, shall meet and elect an auditor by a majority of the votes of the various chairmen, and said auditor shall serve and draw compensation provided for in the act creating the auditor's office for Madison County and that part of said act that provides for the election of said auditor at the general election is hereby repealed.'

"Wherefore, the plaintiff makes this application, praying:

"1. That a writ of *mandamus* be issued out of this court, directed to the defendant Wm. V. Farmer, chairman of the board of county commissioners, commanding him to sign the check or voucher for the services of L. C. Reed, auditor for the said county of Madison, as provided by law.

"2. For such other and further relief as the court may deem just and proper.

"3. For the costs of this action, to be taxed by the clerk."

The demurrer of defendant is as follows:

"1. That this court has no jurisdiction of the person of the defendant or of the subject matter of this action, in that this application for a writ of *mandamus* is an application to enforce a money demand against Madison County, and as such is not within the jurisdiction of this court.

"2. That there is a defect in parties defendant, in that the Madison County board of county commissioners is the real party in interest and not Wm. V. Farmer, chairman.

"3. That the petition does not state a cause of action, in that:

"A. It does not show that the board of county commissioners of Madison County has ever ordered the payment to the petitioner of the voucher set up in his petition, or ordered the chairman to sign such voucher.

"B. It does not show any particular voucher which has been presented to the defendant or any specified amount in any voucher.

"C. It shows on its face that the writ of *mandamus* requested seeks to enforce a money demand *ex contractu* against Madison County and fails to show that any claim of petitioner has been reduced to judgment as required by law.

"D. It asks for *mandamus* to require the defendant to sign a check upon the funds of Madison County, and does not show in its face that the county of Madison has any funds available to meet said check if signed.

"Wherefore, the defendant asks that the petition be dismissed and he go without day and recover his costs in this behalf incurred."

The court below, after finding certain facts, rendered judgment, in part, as follows: "It further is ordered and adjudged that a *mandamus* issue, directed to Wm. V. Farmer, chairman of the board of county commissioners as aforesaid, commanding him to sign the said voucher or check for the amount due the plaintiff under ch. 201 of the Public-Local Laws of 1917; and ch. 341 of the Public-Local Laws of 1931; and it is further ordered by the court that the clerk of the Superior Court of Madison County deliver a copy of the within judgment to the sheriff of Madison County, and that he be directed to carry out the mandate and orders of this court. It is further ordered that the defendant pay the costs of this action.        F. DONALD PHILLIPS,
                                        *Judge Presiding."*

To the foregoing judgment the defendant excepted, assigned error, and appealed to the Supreme Court.

*No counsel for plaintiff.*
*Roberts & Baley for defendant.*

CLARKSON, J. There are several grounds of demurrer and the only ones we think necessary to consider are under C. S., 511 (6). "The complaint does not state facts sufficient to constitute a cause of action" in that:

"A. It does not show that the board of county commissioners of Madison County has ever ordered the payment to the petitioner of the voucher set up in his petition, or ordered the chairman to sign such voucher.

"B. It does not show any particular voucher which has been presented to the defendant, or any specified amount in any voucher.

"C. It shows on its face that the writ of *mandamus* requested seeks to enforce a money demand *ex contractu* against Madison County, and fails to show that any claim of petitioner has been reduced to judgment as required by law.

"D. It asks for *mandamus* to require the defendant to sign a check upon the funds of Madison County, and does not show on its face that the county of Madison has any funds available to meet said check if signed."

Const. of N. C., Art. VII, sec. 2: "It shall be the duty of the commissioners to exercise a general supervision and control of the penal and charitable institutions, schools, roads, bridges, levying of taxes, and finances of the county, as may be prescribed by law. The register of deeds shall be *ex officio* clerk of the board of commissioners." Sec. 8: "No money shall be drawn from any county or township treasury, except by authority of law." N. C. Code, sec. 1297, Power of Board, subsec. 5,

says: "To provide by taxation or otherwise for the prompt and regular payment, with interest, of any existing debt owing by the county."

In *Martin v. Clark,* 135 N. C., 178 (179), is the following: "The law commits to the board of commissioners the power and duty of auditing and passing upon the validity of claims. If they refuse to audit or act upon a claim, *mandamus* will lie to compel them to do so. *Bennett v. Comrs.,* 125 N. C., 468. If after the hearing they refuse to allow or issue a warrant for its payment, an action will lie against the commissioners to establish the debt and for such other relief as the party may be entitled to. *Hughes v. Comrs.,* 107 N. C., 598."

Public-Local Laws of N. C., 1917, ch. 201, sec. 1, is as follows: "That permanent office of 'Auditor of Madison County, North Carolina,' be and the same is hereby created and established." Sec. 12: "That the auditor of Madison County shall O.K. all vouchers issued by any of the boards of commissioners thereof, and in the discharge of this duty may administer oaths to any person presenting any voucher." Sec. 14: "That the auditor of Madison County shall receive as full compensation for his service the sum of three dollars per day and mileage for the days actually engaged in the performance of his duties, said mileage to be the same as that received by the members of the board of county commissioners of Madison County."

Public-Local Laws of N. C., 1931, ch. 341—the title: "An act to fix the fees of certain officials of Madison County whose salaries have been abolished, and to define the duties of certain officials and boards." Sec. 4 provides the method of electing the auditor.

In a careful examination of the acts set forth in the complaint, we can find no power or authority of the defendant chairman of the board of county commissioners to pass on the claim of plaintiff. It would, in fact, be questionable if the General Assembly had power to pass such an act. From the constitutional provisions above quoted, the county commissioners have the general supervision and control over the "finances of the county." If plaintiff had a claim against the county, it should have been presented to and approved by it, and if not approved and paid, an action would lie against the county, as said in the *Martin case, supra.*

It is well settled in *Person v. Doughton,* 186 N. C., 723 (724): "*Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced." *Mebane School District v. County of Alamance, ante,* 213, citing authorities. See *Woodmen of the World v. Comrs. of Lenoir,* 208 N. C., 433.

For the reasons given, the judgment in the court below is
Reversed.