### J. W. McALISTER v. YANCEY COUNTY.

(Filed 13 October, 1937.)

**1. Taxation § 2c—**

Ch. 116, secs. 1 and 2, Public Laws of 1919, imposing a privilege tax on the ownership of dogs is valid and constitutional, and is made applicable to Yancey County by ch. 318, Public Laws of 1929, which repealed ch. 84, Public Laws 1923. N. C. Code, 1673, 1684 (b).

**2. Animals § 2: Mandamus § 1—County is not liable in corporate capacity for damage inflicted by dogs and mandamus will not lie to compel payment.**

Ch. 116, sec. 7, Public Laws of 1919, does not impose liability on a county in its corporate capacity for damages to person or property caused by dogs, a claim for such damage, when established under the statute, being payable only on order of the board of commissioners, and then only from moneys derived from the tax on dogs therein imposed, and *mandamus* will not lie against the county to compel payment of such damage upon allegation that its board of commissioners arbitrarily refused to appoint a jury to investigate the claim as required by the statute, plaintiff's remedy on the allegations being against the board of commissioners to compel them to act as required by the statute.

APPEAL by defendant from *Alley, J.,* at June Special Term, 1937, of YANCEY. Reversed.

This action was begun in the Superior Court of Yancey County on 10 April, 1937.

The facts alleged in the complaint as constituting plaintiff's cause of action against the defendant are as follows:

"1. That the plaintiff is a citizen and resident of Yancey County, North Carolina.

"2. That during and prior to the month of March, 1936, the plaintiff was the owner and legal possessor of 24 head of sheep, in Cane Creek Township, county and State aforesaid.

"3. That during the said month of March, 1936, the 24 head of sheep hereinbefore mentioned were killed by dogs in the county and State aforesaid.

"4. That on 3 August, 1936, the plaintiff presented his verified and itemized claim to the board of commissioners of defendant county for payment by said county, as provided by law.

"5. That the defendant, through its board of commissioners, refused to recognize its liability; that said board of commissioners has arbitrarily, grossly, flagrantly, and wantonly abused its discretion, and has arbitrarily and willfully refused to appoint a jury to appraise the sheep killed by dogs, or to ascertain whose dogs killed the sheep of the plaintiff

and to report to the board of commissioners of defendant county, as provided by law.

"6. That the sheep owned by the plaintiff and killed by dogs as hereinbefore alleged were reasonably worth the sum of $125.00."

On these facts plaintiff prayed judgment:

"1. For a writ of *mandamus* compelling the board of commissioners of defendant county to pay said claim.

"2. For the costs of the action, to be taxed by the clerk of the court; and,

"3. For such other and further relief as to the court may seem just and proper."

In apt time the defendant filed its demurrer, in writing, to the complaint on the following grounds:

"1. That the court has no jurisdiction of the person of the defendant or of the subject of the action, in that the plaintiff's action, if any he has, is under the statutes of the State of North Carolina, and the penalty for the failure to discharge any duty imposed by said statutes is therein set forth.

"2. That there is a defect of parties defendant for the specific reason that only the corporate defendant Yancey County is a party defendant, and the members of the board of commissioners of Yancey County have not been made parties to the action.

"3. That the complaint does not state facts sufficient to constitute a cause of action in that:

"(a) It fails to show any facts creating liability on the part of the defendant to pay plaintiff's alleged claim;

"(b) It fails to show that there has been satisfactory proof offered to the board of commissioners of Yancey County of any injury to or destruction of property, which said board of commissioners has a duty to investigate, or for which the defendant is required to pay damages;

"(c) It fails to show that the defendant now has or has ever had funds in hand out of which the alleged claim of plaintiff, if lawful, could have been paid;

"(d) It seeks a writ of *mandamus* to compel the board of commissioners of Yancey County to pay plaintiff's claim without showing a clear legal right on the part of the plaintiff to demand such writ, and without showing any legal obligation on the part of the defendant to perform any act whatever with respect to said claim."

At the hearing of the action on the complaint and demurrer, it was ordered by the court that the demurrer be and the same was overruled, and that the defendant have thirty days within which to file an answer to the complaint.

From the order overruling its demurrer, the defendant appealed to the Supreme Court, assigning error in the order.

*Bill Atkins for plaintiff.*
*Anglin & Randolph for defendant.*

CONNOR, J. It is provided by statute in this State that every person who owns or keeps a dog of the age of six months or more shall pay annually, for the privilege of owning or keeping said dog, a license tax, the amount of the tax to be determined by the sex of the dog. Sections 1 and 2 of chapter 116, Public Laws of North Carolina, 1919; N. C. Code of 1935, section 1673. Since the repeal of chapter 84, Public Laws of North Carolina, 1923, by chapter 318, Public Laws of North Carolina, 1929; N. C. Code of 1935, section 1684 (b), this statute and all its provisions are applicable to persons residing in Yancey County. The statute is valid and constitutional. See *Board of Commissioners v. George,* 182 N. C., 414, 109 S. E., 77; *Newell v. Green,* 169 N. C., 462, 86 S. E., 291.

It is provided by section 7 of the statute "that the money arising under the provisions of this act shall be applied to the school funds of the county in which said tax is collected; provided, it shall be the duty of county commissioners, upon complaint made to them of injury to person or of injury to or destruction of property by any dog, upon satisfactory proof of such injury or destruction, to appoint three freeholders to ascertain the amount of damages done, including necessary treatment, if any, and all reasonable expenses incurred, and upon the coming in of the report of such jury of the damage as aforesaid, the said county commissioners shall order the same paid out of any moneys arising from the tax on dogs, as provided in this act."

Under the provisions of this statute, no liability for damages resulting from an injury to person or from an injury to or destruction of property by dogs is imposed upon a county in its corporate capacity. A claim for such damage, when established in accordance with the provisions of the statute, is payable only upon the order of the board of commissioners of the county, and then only from moneys which have arisen or which shall arise from the tax on dogs owned or kept by persons who reside in the county. Such claim is in no event payable out of the general fund of the county. For this reason, no action can be maintained against a county to which the statute applies for damages resulting from injury to person or from injury to or destruction of property by dogs.

If, as alleged in the complaint, the board of commissioners of Yancey County has arbitrarily refused to consider the claim of the plaintiff, and to hear proof of such claim, and determine whether or not such proof was satisfactory to said board, as it was its statutory duty to do, then and in that event the plaintiff can maintain an action against said board of commissioners for a writ of *mandamus* compelling the said

board of commissioners to consider his claim, and determine whether or not his proof of said claim is satisfactory to the said board. See *Reed v. Farmer,* 211 N. C., 249, and *Barnes v. Commissioners,* 135 N. C., 27, 47 S. E., 737.

There was error in the order overruling the demurrer in this case. The order is

Reversed.