J. R. WHITE v. THE CITY OF CHARLOTTE AND CHARLOTTE PARK &
RECREATION COMMISSION.

(Filed 24 November, 1937.)

**1. Municipal Corporations § 17—**

Judgment of nonsuit in action against municipality to recovery for
negligence resulting in death of plaintiff's daughter sustained on authority
of *White v. Charlotte*, 211 N. C., 186.

**2. Abatement and Revival § 11—Parent's right of action to recover for
loss of services of child abates upon death of child.**

A parent's right of action to recover for loss of services of his child,
upon allegation that the child's death was caused by the negligence of
defendant, abates upon the death of the child, the sole remedy being an
action for wrongful death, C. S., 160, and the question of the father's right
to share in the recovery being a matter between him and the child's
administrator.

APPEAL by plaintiff from *Hill, Special Judge,* at 20 September Extra
Term, 1937, of MECKLENBURG.    Affirmed.

This is an action instituted by the plaintiff, father of Sarah Elizabeth
White, for damages for loss of services of said infant, whose death is
alleged to have been caused by the negligent conduct of the defendants.

The plaintiff, as administrator of the estate of Sarah Elizabeth White,
an infant, instituted an action to recover damages for the wrongful
death of said infant, against these defendants, upon substantially the
same allegations of negligence.    The facts are fully set out in the former
decision, *White v. Charlotte,* 211 N. C., 186.    From judgment of nonsuit
the plaintiff appealed.

*John Newitt for plaintiff, appellant.*
*J. M. Scarborough and B. M. Boyd for defendants, appellees.*

PER CURIAM.    The evidence in this case was substantially the same as
in *White v. Charlotte,* 211 N. C., 186, except that one additional witness
was offered, whose testimony tends to show contributory negligence on
the part of the deceased.    *White v. Charlotte, supra,* is controlling.

There is a further reason why the plaintiff is not entitled to maintain
this action.    Actions for wrongful death are purely statutory and the
right of action rests exclusively in the administrator.    Speaking to the
subject in *Gurley v. Power Co.,* 172 N. C., 690, *Brown, J.,* says: "An
action for the recovery of wages of a minor   .   .   .   lies in favor of the
parent; but if the child dies from the injury the action abates.    The
only action that lies in such case, in this State, is for wrongful death,
as authorized by Revisal 59, and that embraces everything.    In such

action the value of the life before 21, as well as after 21 years of age, is recoverable. No other action lies than this." *Killian v. R. R.,* 128 N. C., 262.

It is true that the father was entitled to the services of his daughter, if she had lived, till her majority, but when the death of the daughter ensued the cause of action abated. The question of the father's right to share in the recovery for the prospective wages up to 21 years would be a matter between him and the administrator. *Gurley v. Power Co., supra; Killian v. R. R., supra; Insurance Co. v. Brame,* 95 U. S., page 756.

The judgment below is
Affirmed.