JOHN WHITE v. R. P. HOLDING, R. M. PLEASANT, C. L. DENNING, J. H. AUSTIN and J. B. WOOTEN, COUNTY COMMISSIONERS OF JOHNSTON COUNTY.

(Filed 27 March, 1940.)

**1. Mandamus § 1—**

Mandamus confers no new authority, but lies only to compel the performance of a duty imposed by law on the person sought to be coerced at the instance of a party having a clear legal right to demand its performance.

**2. Appeal and Error § 40f—**

In reviewing a judgment sustaining a demurrer, the facts alleged in the complaint will be taken as true for the purpose of determining the sufficiency of the complaint, and whether the plaintiff can establish them by proof is not presented.

**3. Animals § 3: Mandamus § 2a—**

Where a person having a legal right to recover under C. S., 1681, makes satisfactory proof to the county commissioners of injury inflicted by a dog, it is the legal duty of the commissioners to appoint freeholders to ascertain the amount of damage done, and mandamus will lie to compel them to perform this duty.

**4. Mandamus § 3—**

A person having a separate and peculiar right to the performance of a legal duty by an officer or board, so that he is the party beneficially interested, may maintain suit for mandamus to compel the performance of the legal duty.

**5. Parent and Child § 8—Father's right of action for negligent injury to child.**

A father is under duty to care for and maintain his child and, if the child should die during minority, to pay the funeral expenses, and as between himself and its mother, nothing else appearing, is entitled to the services and earnings of his child during minority, and therefore the father has a right of action against a person negligently injuring his child to recover for loss of services of the child and pecuniary damages sustained by him in consequence of the injury to the child, including expenses of treatment.

**6. Same: Abatement and Revival § 11—Survival of father's right of action for injury of child resulting in its death.**

While a father has no right of action for negligent injury of his child which immediately results in its death, the right of action for wrongful

death existing only under C. S., 160, in favor of the administrator or executor, where negligent injury to the child does not immediately result in death, the father may maintain an action for loss of services and expenses of treatment, at least, during the period between the infliction of injury and the child's death, although the right of action for prospective earnings of the child during minority abates.

7. **Same: Animals § 3—Facts alleged held sufficient to entitle father to mandamus to compel commissioners to appoint freeholders to assess damages for fatal injury of son inflicted by dog.**

The complaint alleged that plaintiff's son was attacked and fatally injured by a dog, that plaintiff had demanded of the county commissioners that they appoint freeholders to ascertain the amount of damages sustained by plaintiff, including the necessary treatment and all reasonable expenses incurred by plaintiff, and that defendants had refused his demand. *Held:* Upon the facts alleged, plaintiff is entitled to *mandamus* to compel the county commissioners to appoint freeholders to assess damages, since the complaint alleges satisfactory proof to the commissioners of damages done by a dog, making the appointment of freeholders by the commissioners a legal duty under C. S., 1681, and facts showing a peculiar interest in plaintiff entitling him to compel the performance of the duty.

APPEAL by plaintiff from *Williams, J.,* at Regular Term, 25 September, 1939, of JOHNSTON.

Civil action for writ of *mandamus* to require appointment of jury to assess alleged damage under provision of C. S., 1681, heard upon demurrer.

The complaint alleges substantially these facts: Plaintiff, a resident of Johnston County, North Carolina, and the father of William Joseph White, an infant, who died on 29 June, 1938, as result of "injury caused by a dog," has made complaint to defendants, the duly elected, qualified and acting commissioners of said county, and given to them satisfactory proof of said injury and requested the appointment of a jury of "three freeholders to ascertain the amount of damages done, including the necessary treatment and all reasonable expense incurred by plaintiff in sum of $1,500." Though repeated demand has been made upon them by plaintiff, defendants as such county commissioners have failed and refused, and still fail and refuse, to perform the legal duty required of them as county commissioners with regard to appointing the jury as demanded, in accordance with the provisions of the statute, C. S., 1681.

Defendants demur to the complaint for that it appears upon the face thereof that same does not state facts sufficient to constitute a cause of action in that: (1) It being alleged that William Joseph White, an infant, is dead, the cause of action for injury sustained by him does not survive. (2) It is not alleged that defendants are liable by statute or at common law for wrongful death of said infant caused by a dog or any other means by reason of their negligence or of any omission of duty,

or that any provision of law is made for compensation to plaintiff under such circumstances.    (3) This being an action in the nature of *mandamus,* it is not "alleged that defendants have neglected or failed to perform some duty imposed upon them by law."

Upon the hearing below the presiding judge sustained the demurrer. From judgment in accordance therewith plaintiff appeals to the Supreme Court, and assigns error.

*A. M. Noble for plaintiff, appellant.*
*J. R. Poole for defendants, appellees.*

WINBORNE, J.    It is well settled in this State that: *"Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority.    The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced." *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *Martin v. Clark,* 135 N. C., 178, 47 S. E., 397; *Wilkinson v. Board of Education,* 199 N. C., 669, 153 S. E., 163; *Powers v. Asheville,* 203 N. C:, 2, 164 S. E., 324; *Rollins v. Rogers,* 204 N. C., 308, 168 S. E., 206; *John v. Allen,* 207 N. C., 520, 177 S. E., 634; *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 873; *Reed v. Farmer,* 211 N. C., 249, 189 S. E., 882; *Mears v. Board of Education,* 214 N. C., 89, 197 S. E., 752.

Admitting the facts alleged in the present action, which we must do in testing the sufficiency of the complaint challenged by demurrer, *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369, and numerous other cases, (1) Are the defendants as county commissioners of Johnston County under a legal duty to perform the act sought to be enforced? (2) If so, does the plaintiff have a clear right to demand it?    Both questions must be answered in the affirmative.

1. The statute, C. S., 1681, relating to disposition of moneys collected as license taxes on dogs, provides that: "The money arising under the provisions of this article shall be applied to the school funds of the county in which said tax is collected: Provided, it shall be the duty of the county commissioners, upon complaint made to them of injury to person or injury to or destruction of property by any dog, upon satisfactory proof of such injury or destruction, to appoint three freeholders to ascertain the amount of damages done, including the necessary treatment, if any, and all reasonable expenses incurred, and upon the coming in of the report of such jury of the damages as aforesaid, the said county commissioners shall order the same paid out of any money arising out of the tax on dogs as provided for in this article  .  .  ."

Speaking of the provisions of this statute, in the case of *McAlister v. Yancey County,* 212 N. C., 208, 193 S. E., 141, relating to sheep alleged to have been killed by a dog, this Court said: "If, as alleged in the complaint, the board of commissioners of Yancey County has arbitrarily refused to consider the claim of the plaintiff, and to hear proof of such claim, and determine whether or not such proof was satisfactory to said board, as it was its statutory duty to do, then and in that event the plaintiff can maintain an action against said board of commissioners for a writ of *mandamus* compelling the said board of commissioners to consider his claim, and determine whether or not his proof of said claim is satisfactory to the said board. See *Reed v. Farmer, supra; Barnes v. Comrs.,* 135 N. C., 27, 47 S. E., 737."

In like manner, if the plaintiff, as is alleged in the complaint in the present case, conceding for the moment that he has a clear right to so act, has made complaint to defendants as county commissioners of Johnston County and given to them "satisfactory proof" of the injury to William Joseph White, an infant, by a dog, the statute, C. S., 1681, makes it the duty of the said county commissioners "to appoint three freeholders to ascertain the amount of damages done, including the necessary treatment, if any, and all reasonable expenses incurred" by plaintiff as the result of such injury to and resulting in the death of his minor child, and upon their refusal to perform that duty, plaintiff can maintain an action against them for a writ of *mandamus.*

, 2. The authorities generally concur in support of the proposition that an individual may have a particular interest of his own in the performance of a statutory duty imposed on an officer or board, and that in such case he is the possessor of a separate and peculiar right which enables him to say that he is the party beneficially interested, and so entitles him to the writ of *mandamus.* 18 R. C. L., 327. Has the plaintiff in the case at bar such right?

From the allegation of expenses incurred by plaintiff "including the necessary treatment," admitted for the purpose of testing the sufficiency of the pleading, it is necessarily deducible as an inference of fact that some time elapsed between the injury to and death of plaintiff's child. Upon this allegation of fact, pertinent principles of law follow: It is elementary that a parent, primarily the father, as between the father and mother, nothing else appearing, is entitled to the services and earnings of his child during minority. See *Killian v. R. R.,* 128 N. C., 261, 38 S. E., 873; *Floyd v. R. R.,* 167 N. C., 55, 83 S. E., 12; *Daniel v. R. R.,* 171 N. C., 23, 86 S. E., 174.

On the other hand, the father is under the duty to support his child during minority, if he is able to do so. *Haglar v. McCombs,* 66 N. C., 346; *Williams v. R. R.,* 121 N. C., 512, 28 S. E., 367. See, also, *Floyd*

*v. R. R., supra.* Also, if the child should die during minority, it is the duty of the father to pay the funeral expenses. 46 C. J., 1278; *Hunycutt v. Thompson,* 159 N. C., 29, 74 S. E., 628.

If a minor child is injured by the wrongful act or omission of another, a cause of action arises under the common law on behalf of the child to recover damages for pain and suffering, permanent injury, and impairment of earning capacity after attaining majority. At the same time, the father ordinarily has a right of action for the loss of services of the child during minority and for other pecuniary damages sustained by him in consequence of such injury, including expenses of treatment. 46 C. J., 1294. See, also, *Killian v. R. R., supra; Rice v. R. R.,* 167 N. C., 1, 82 S. E., 1034; *Croom v. Murphy,* 179 N. C., 393, 102 S. E., 706; *Little v. Holmes,* 181 N. C., 413, 107 S. E., 577; *White v. Charlotte,* 212 N. C., 539, 193 S. E., 738.

The father's right of action in accordance with the generally accepted view is based not only upon the right to services of the child but also upon his duty to care for and maintain the child. 46 C. J., 1297.

However, if the child dies as a result of such wrongful act or omission of another, the right of action inuring to the benefit of the child as result of the injury abates, as does the right of action of the father for prospective earnings of the child during minority. The only action that lies thereafter in such case in this State for wrongful death is that authorized by C. S., 160, in favor of the administrator or executor. *Russell v. Steamboat Co.,* 126 N. C., 961, 36 S. E., 191; *Killian v. R. R., supra; Davis v. R. R.,* 136 N. C., 115, 48 S. E., 591; *Bolick v. R. R.,* 138 N. C., 370, 50 S. E., 689; *Hood v. Tel. Co.,* 162 N. C., 70, 77 S. E., 1096; *Hood v. Tel. Co.,* 162 N. C., 92, 77 S. E., 1094; *Hope v. Peterson,* 172 N. C., 869, 90 S. E., 141; *Hanes v. Utilities Co.,* 191 N. C., 13, 131 S. E., 402; *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613.

However, if death does not result instantaneously, the father may maintain an action to recover damages for the loss of services at least, of his minor child intermediate the injury and the death. *Croom v. Murphy, supra.* See discussion in *Hinnant v. Power Co.,* 189 N. C., 120, 126 S. E., 307. But this principle does not apply when death follows instantaneous the injury to the child. *Craig v. Lumber Co.,* 189 N. C., 137, 126 S. E., 312.

Applying these principles to the statute under consideration, C. S., 1681, in so far as applicable to a case of "injury to person" of a minor child, by a dog, resulting in the death of the child, these rights, limitations and remedies are given, limited and provided: While the right of action for the "amount of damage done" by "injury to person" is personal to and abates upon the death of the child, the father, under the clause "the amount of damage done, including the necessary treatment,

if any," administered in fulfillment of his parental duty, would be entitled to receive such amount of pecuniary loss sustained by him in consequence of the injury to the child during the period between the time of the injury and the death of the child, as is ascertained by the jury of three. Hence, the father has such personal and peculiar interest in the benefits provided by the statute as gives to him clear right to have the jury of three appointed for the purpose of ascertaining the amount due to him in accordance with the provisions of the statute. If there be claim for expenses subsequent to death of the child, it may only be asserted by the personal representative.

Whether plaintiff can make good his allegations is not before us, and with respect thereto we express no opinion. However, on facts alleged he is entitled to his day in court.

Reversed.