JAMES M. CALDWELL v. R. L. ABERNETHY, ADMINISTRATOR OF THE ESTATE OF S. S. CARPENTER, DECEASED.

(Filed 12 April, 1950.)

**1. Courts § 15—**

An action to recover for loss of services of a minor child, killed in an accident occurring in another state, must be determined by the laws of such other state.

**2. Evidence § 3—**

Our courts will take judicial notice of the public laws of a sister state. G.S. 8-4.

**3. Death § 5—**

Under the laws of the State of Colorado, the surviving parent may maintain an action for loss of services of his minor child killed as a result of

alleged negligence, and recover as compensatory damages, not exceeding $5,000, the amount which will fairly and reasonably compensate the parent for financial loss sustained by reason of the child's death, excluding recovery for mental anguish.

APPEAL by plaintiff from *Rudisill, J.,* at Chambers in Newton, N. C., 6 October, 1949. From CATAWBA.

This is an action to recover for mental suffering and for loss of services, comfort, and society of plaintiff's unemancipated minor child as a result of her alleged wrongful death, which occurred in the State of Colorado.

It is alleged in the complaint that during the month of August, 1948, the defendant's intestate, S. S. Carpenter, of Lincoln County, N. C., in company with several members of his family, including his granddaughter, Sonia Elspeth Caldwell, nine years of age, the minor child of this plaintiff, made a trip by automobile to Morgan County, State of Colorado; that on the return trip to Lincolnton, N. C., the aforesaid S. S. Carpenter, while driving his automobile in a reckless and negligent manner in the County of Douglas, State of Colorado, on 20 August, 1948, ran said automobile into another vehicle on the highway, killing Sonia Elspeth Caldwell, the aforesaid minor, and her mother, Sonia Elspeth Caldwell, former wife of plaintiff, and himself.

The defendant demurred *ore tenus* on the ground that the complaint did not state a cause of action, demurrer was sustained and judgment entered accordingly.

The plaintiff appeals from the judgment entered below, and assigns error.

*Fred D. Caldwell and Childs & Childs for plaintiff.*

*Smathers, Smathers & Carpenter and H. A. and Harvey A. Jonas, Jr., for defendant.*

DENNY, J.   The minor child of the plaintiff having been killed in the State of Colorado, the plaintiff's right to recover for the loss of services of such child must be determined by the law of that jurisdiction. *Morse v. Walker,* 229 N.C. 778, 51 S.E. 2d 496; *Harper v. Harper* and *Wickham v. Harper,* 225 N.C. 260, 34 S.E. 2d 185; *Buckner v. Wheeldon,* 225 N.C. 62, 33 S.E. 2d 480; *Baird v. Baird,* 223 N.C. 730, 28 S.E. 2d 225; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911; *Frederick v. Ins. Co.,* 221 N.C. 409, 20 S.E. 2d 372; *Farfour v. Fahad,* 214 N.C. 281, 199 S.E. 521; *Rodwell v. Coach Co.,* 205 N.C. 292, 171 S.E. 82; *Howard v. Howard,* 200 N.C. 574, 158 S.E. 101.

The right to recover damages for loss of services growing out of an injury resulting in death is not recoverable at common law from the time

of death. Accordingly, there is no remedy available at common law for the recovery of loss of services in cases of instantaneous death. 16 Am. Jur., Sec. 45, p. 36; 25 C.J.S., Sec. 13, p. 1075; *Killian v. R. R.,* 128 N.C. 261, 38 S.E. 873; *Gurley v. Power Co.,* 172 N.C. 690, 90 S.E. 943; *Croom v. Murphy,* 179 N.C. 393, 102 S.E. 706; *Craig v. Lumber Co.,* 189 N.C. 137, 126 S.E. 312; *White v. Comrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 825.

In *Gurley v. Power Co., supra,* this Court said: "An action for the recovery of wages of a minor or for injury to him lies in favor of the parents; but if the child dies from the injury the action abates. The only action that lies in such case, in this State, is for wrongful death, as authorized by Revisal 59 (now G.S. 28-173), and that embraces everything. In such action the value of the life before 21 as well as after 21 years of age is recoverable. No other action lies than this."

In the instant case, however, if the plaintiff would be permitted to maintain this action under the *lex loci,* comity permits it to be maintained in this jurisdiction. *Rodwell v. Coach Co., supra; Howard v. Howard, supra.*

The wrongful death statute in the State of Colorado, applicable to the facts in this case, and of which we are bound to take judicial notice, G.S. 8-4, *Suskin v. Hodges,* 216 N.C. 333, 4 S.E. 2d 891; *Lewis v. Furr,* 228 N.C. 89, 44 S.E. 2d 604, provides: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured." Chapter 50, sec. 2 of the 1935 Colorado Statutes Annotated; C.L. sec. 6303. And sec. 3 of the same chapter, C. L. sec. 6304, reads as follows: "All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 1 of this chapter, and in every such action the jury may give such damages as they may deem fair and just, not exceeding five thousand ($5,000) dollars, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue; and also having regard to the mitigating or aggravating circumstances attending any such wrongful act, neglect or default." The parties who may bring an action for wrongful death, as provided in section 1 of this chapter, C. L. sec. 6302, referred to above, are:

"First—By the husband or wife of deceased, or

"Second—If there be no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased, or

"Third—If such deceased be a minor or unmarried, then by the father or mother who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. . . . If the action under this section shall be brought by the husband or wife of deceased, the judgment obtained in said action shall be owned by such persons as are heirs at law of said deceased under the statutes of descents and distributions, and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descents and distributions."

The right to bring an action to recover for loss of services of a minor or for injuries to such minor, exists in Colorado in favor of the parents. However, separate suits may be brought for damages growing out of wrongful death and damages sustained for loss of services between the date of the injury and the date of the death of the injured party. *American Ins. Co. v. Naylor,* 103 Colo. 461, 70 P. 2d 353.

If the plaintiff has stated a cause of action, it is for damages growing out of the wrongful death of his minor child and not for loss of services sustained after injury and before death. We construe the pleadings to allege that Sonia Elspeth Caldwell died instantaneously.

It will be observed that the wrongful death statute of Colorado vests the right to bring an action for wrongful death in the parents or the surviving parent, and not in the personal representative. The words "father or mother" appearing in the statute, have been interpreted to mean "father and mother." *Pierce v. Conners,* 20 Colo. 178, 37 P. 721.

In the State of Colorado, children are liable for the support of their indigent parents. 1935 Colorado Statutes Annotated, Chapter 124, sections 2 and 3. Therefore, in an action for damages growing out of wrongful death, the damages recoverable "are not limited to such sum alone as the parent would probably have received from a child during the residue of the child's minority, but the parent is entitled to recover such sum as will fairly and reasonably compensate the parent for any financial loss sustained by reason of the child's death. . . ." *Longmont v. Swearingen,* 81 Colo. 246, 254 P. 1000. See also *Butler v. Townsend,* 50 Idaho 542, 298 P. 375.

The amount of the recovery in no case, under this section of the Colorado law, shall exceed $5,000. *Dillon v. Sterling Rendering Works,* 106 Colo. 407, 106 P. 2d 358; *Moffatt v. Tenney,* 17 Colo. 189, 30 P. 348.

The law under consideration allows compensatory damages only. The measure of damages recoverable under this section is a sum equal to the net pecuniary benefit which plaintiff might reasonably have expected to receive from the deceased had her life not been terminated by the alleged wrongful act of the defendant's intestate. *Moffatt v. Tenney, supra; Pierce v. Conners, supra; Gibson Consol. Min. & M. Co. v. Sharp,* 5

Colo. App. 324, 39 P. 850; *Mitchell v. Colo. Milling etc. Co.*, 12 Colo. App. 277, 55 P. 736.

There can be no recovery for mental anguish under the statute. "The recovery allowable is in no sense a *solatium* for the grief of the living occasioned by the death of the relative or friend, however dear." *Pierce v. Conners, supra.* Not only the kinship or legal relation between the deceased and the plaintiff may be considered in arriving at the true measure of compensatory relief, "but the actual relations between them, as manifested by acts of pecuniary assistance rendered by the deceased to the plaintiff, and also contrary acts, may be taken into consideration." *Pierce v. Conners, supra.*

When the plaintiff's complaint is considered in light of the provisions of the wrongful death statute of Colorado, and the decisions with respect thereto, we think the plaintiff has stated a cause of action.

The judgment of the court below is

Reversed.