JOYCE H. GIBSON v. GLENN H. CAMPBELL AND CARRIE A. CAMPBELL

No. 7518SC779

(Filed 3 March 1976)

Parent and Child § 5— action for loss of services of child — injury and death simultaneous — no recovery

There is no separate cause of action in the parent to recover for loss of services of a minor child whose death occurs simultaneously with its injury; therefore, the trial court erred in denying defendants' motion for summary judgment in plaintiff mother's action for loss of services of her child who drowned in defendants' swimming pool. G.S. 28-173.

ON *writ of certiorari* to review order entered by *McConnell, Judge.* Order entered 18 June 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 January 1976.

Plaintiff, mother of a five year old child who died by drowning on 11 August 1972, brought this action against defendants, owners of the swimming pool in which the child was drowned, seeking to recover damages for loss of services of the child. Plaintiff alleged her child's death was caused by defendants' negligence. Defendants denied negligence and pleaded affirmative defenses, including a plea in bar that all claims for the wrongful death of the child had been settled with the administrator of the child's estate. Plaintiff's answers to defendants' interrogatories and requests for admissions show there is no genuine issue as to the following facts:

Plaintiff and the child's father, Richard Paul Gibson, were married on 2 July 1965 and thereafter lived together until 11 October 1970, when they separated. The child was born on 6 August 1967. Following the separation of the parents, the child remained in the care and control of the mother, the plaintiff herein, and custody of the child was awarded to the mother by order of the District Court, which also ordered the father to make weekly payments to the mother for support of the child. When the child drowned on 11 August 1972, the parents were still married, and their marriage was not dissolved until 25 May 1973, when they were divorced.

On 30 August 1972 the father qualified as Administrator of the child's estate before the Clerk of Superior Court of Guilford County, showing as the only asset of the estate an alleged

wrongful death claim. On 5 February 1973 the Administrator settled the wrongful death claim with the defendants for the sum of $4,500.00, and in connection therewith the Administrator executed a general release in favor of the defendants. On 9 February 1973 the Administrator filed his final account in which he showed as the sole receipt the wrongful death recovery in the amount of $4,500.00 and disbursements totalling $3,009.52, which included disbursements for funeral services, bond premiums, court costs, and attorney's and administrator's fees as allowed by court order. The balance of $1,490.48 was distributed by the Administrator, one-half to the father and one-half to the mother. Plaintiff mother received her one-half, being the sum of $745.24, on 9 February 1973. She instituted this action against the defendants on 9 August 1974, alleging her child's death was caused by their negligence and seeking to recover for loss of services of the child during his minority.

Defendants moved for summary judgment on the grounds there was no genuine issue as to any material fact as to their affirmative defenses. The Superior Court denied the motion by order dated 18 June 1975. Thereafter this Court allowed defendants' petition for writ of certiorari to review the Superior Court's order denying their motion for summary judgment.

*Jordan, Wright, Nichols, Caffrey & Hill by Luke Wright for plaintiff.*

*Stephen Millikin and J. Donald Cowan, Jr. for defendants.*

PARKER, Judge.

When an unemancipated minor child receives bodily injuries as result of the tortious conduct of another, a cause of action arises in the parent to recover from the tort feasor for loss of services of the child during its minority. *Kleibor v. Rogers,* 265 N.C. 304, 144 S.E. 2d 27 (1965) ; 3 Lee, North Carolina Family Law, § 241; Annot., 32 A.L.R. 2d 1060 (1953). However, if the child dies as a result of such tortious conduct, there can be no recovery for loss of services for the period following the death, though the parent may still recover damages for loss of services of the child for the period intermediate its injury and death. *White v. Comrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 825 (1940). Accordingly, when death results instantaneously from injury, the common law recognizes no cause of action in the parent for loss of the child's services, *Caldwell*

*v. Abernethy,* 231 N.C. 692, 58 S.E. 2d 763 (1950) ; *White v. Comr's. of Johnston, supra; White v. Charlotte,* 212 N.C. 539, 193 S.E. 738 (1937) ; *Croom v. Murphy,* 179 N.C. 393, 102 S.E. 706 (1920) ; *Hope v. Peterson,* 172 N.C. 869, 90 S.E. 141 (1916) ; *Killian v. R. R.,* 128 N.C. 261, 38 S.E. 873 (1901) ; *Kendrick v. Cain,* 1 N.C. App. 557, 162 S.E. 2d 155 (1968), and in such case the only remedy available is that provided by our wrongful death statute, G.S. 28-173, which expressly provides that the action may be brought only by the personal representative or collector of the decedent.

In the present case plaintiff alleged and defendants admitted that the child's death occurred by drowning in defendants' swimming pool. Necessarily, therefore, the death occurred simultaneously with infliction of the injury for which plaintiff seeks to hold defendants responsible. Under the long established law of this State as announced in the above cited cases, no separate cause of action arose on behalf of either of the child's parents to recover damages for loss of the child's services, and the only cause of action arising from the child's death was that created by our wrongful death statute. For this reason defendants were entitled to judgment dismissing the present action, either under G.S. 1A-1, Rule 12(b) (6) or under Rule 56.

*Crawford v. Hudson,* 3 N.C. App. 555, 165 S.E. 2d 557 (1969), a decision of this Court cited and relied on by plaintiff, presented the question whether it was error for the trial court to sustain a demurrer to a complaint in which the father of a deceased minor child sought damages for expenses of the child's funeral and burial and for loss of the child's services which plaintiff alleged resulted from defendant's negligence in causing the child's injuries and death. This Court held that it was error to sustain the demurrer, the opinion laying particular stress upon the right of the father as the person primarily responsible for the child's funeral expenses to sustain a separate cause of action for recovery of those expenses. The opinion does not make clear whether in that case the child's death occurred simultaneously with or subsequent to the infliction of the bodily injury to the child which plaintiff alleged resulted from the negligence of the defendant in that case. Insofar as the opinion may contain language which is susceptible of the interpretation that a separate cause of action accrued to the parent to recover for loss of services of his unemancipated minor child during the child's minority in a case in which the child's death occurs

simultaneously with its injury, such an interpretation is inconsistent with the long established law of this State as enunciated in the decisions of our Supreme Court above cited, and such interpretation is therefore disapproved.

The above cited decisions all arose prior to the effective date of Ch. 215 of the 1969 Session Laws which rewrote old G.S. 28-174. The changes effected by the 1969 statute, however, strengthen rather than weaken the conclusion that there is no separate cause of action in the parent to recover for loss of services of a minor child whose death occurs simultaneously with its injury. The statute, G.S. 28-174(a), as rewritten expressly provides that damages recoverable in an action for death by wrongful act include:

"(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

\* \* \*

b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered."

[We note that effective 1 October 1975 Chapter 28 of the General Statutes was repealed and old G.S. 28-173 and 174 were reenacted in substance as new G.S. 28A-18-2.]

We find its unnecessary to decide and do not discuss the contention made in defendants' brief that in any event they were entitled to summary judgment on the additional ground that the parent's cause of action, if any existed in this case, for loss of services of the minor child arose in favor of the father rather than the mother. On this question see: *Smith v. Hewett*, 235 N.C. 615, 70 S.E. 2d 825 (1952) and 3 Lee, North Carolina Family Law, § 241.

For the reasons stated, the order appealed from is reversed and this cause is remanded for entry of an order allowing defendants' motion for summary judgment.

Reversed and remanded.

Chief Judge BROCK and Judge ARNOLD concur.