FORSYTH COUNTY v. MARIE MYERS BARNEYCASTLE, ADMINISTRA-
TRIX OF THE ESTATE OF MATTIE MYERS SLOAN; AND VIRGINIA D.
MYERS LUMSDEN

No. 7321SC307

(Filed 27 June 1973)

1. Death § 9— wrongful death — compromise settlement by administrator

An administrator has the right to compromise a claim for wrong-
ful death if he acts in good faith and exercises the care which an
ordinarily sensible and prudent man would exercise in dealing with
his own property under like circumstances, and the funds received in
compromise are to be distributed in the same manner as if obtained
after litigation.

2. Death § 7— damages for wrongful death

Under the provisions of G.S. 28-174 all of the items of damage
which might have been set out in a claim for personal injuries prior
to death are now includable in an action for damages for death by
wrongful act, and any recovery in an action for wrongful death would
of necessity cover such items.

3. Death § 9— wrongful death — compromise settlement — liability for
public welfare assistance lien

Funds obtained by compromise settlement of a wrongful death
action are for damages recoverable for death by wrongful act within
the meaning of G.S. 28-174; consequently, such funds are not assets
of the estate liable for debts of the decedent and are thus not liable
for payment of a county's lien for public welfare assistance rendered
to the decedent. G.S. 28-173.

APPEAL by plaintiff from *Fountain, Judge,* 4 December
1972 Civil Session of Superior Court held in FORSYTH County.

Plaintiff, Forsyth County, has instituted this action against
Marie Myers Barneycastle, defendant administratrix of the
estate of Mattie Myers Sloan, to recover $7,222.00 pursuant
to a lien arising under General Statutes 108-29 *et seq.* for public
welfare assistance received by Mattie Myers Sloan. These stat-
utes have been repealed by Chapter 204, 1973 Session Laws,
effective 16 April 1973, but not made retroactive. The defendant,
Virginia D. Myers Lumsden is the next of kin of Mattie Myers
Sloan and sole beneficiary of her estate.

The uncontroverted facts disclosed that Mattie Myers Sloan
died intestate in Forsyth County on 9 February 1971 as a
result of injuries received in an automobile accident on 1 Feb-
ruary 1971. She was a patient in North Carolina Baptist Hos-

pital in Winston-Salem from the date of the accident until her death.

On 16 February 1971 defendant qualified as the administratrix of the estate of Mattie Myers Sloan and subsequently negotiated a compromise settlement with the insurance carrier of L. A. Reynolds Company in the amount of $18,000.00 for the personal injuries to and death of decedent caused by the negligence of an employee of L. A. Reynolds Company.

Decedent, Mattie Myers Sloan, had received public assistance from Forsyth County from October, 1963, through February, 1971, receiving a total amount of $7,222.00 for which plaintiff, in apt time, filed claim against the estate.

Defendant administratrix has refused to pay the Forsyth County claim upon the ground, among others, that the funds obtained by compromise settlement for the injuries to and death of intestate were not assets of the estate subject to the payment of the County claim or any other debts of intestate other than those specified in G.S. 28-173.

Motions for summary judgment were filed by both plaintiff and defendant administratrix. The court granted summary judgment for the defendant administratrix and dismissed the plaintiff's claim. Plaintiff appeals.

*P. Eugene Price, Jr., and Chester C. Davis for plaintiff appellant.*

*Randolph and Randolph, by Clyde C. Randolph, Jr., and Doris G. Randolph, for defendant appellee.*

BALEY, Judge.

Since this appeal was filed, the North Carolina Supreme Court, speaking through Chief Justice Bobbitt, has issued a comprehensive opinion setting forth the present status of the law concerning death by wrongful act as it is or may be affected by the passage of Chapter 215, 1969 Session Laws, which was ratified on 14 April 1969—now codified as G.S. 28-174. *Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789.

The court does not, however, make a definitive holding upon the precise questions raised by this appeal as they were not directly presented in the *Bowen* case. Here we have the question of whether a compromise settlement without litigation

is governed by the same rule applicable to recovery by trial, and the more troublesome question of what constitutes damages recoverable for death by wrongful act and how such damages are to be distributed.

[1]  An administrator has the right to compromise a disputed claim if he acts in good faith and exercises the care which an ordinarily sensible and prudent man would exercise in dealing with his own property under like circumstances. *McGill v. Freight*, 245 N.C. 469, 96 S.E. 2d 438. This rule is applicable to a purely statutory cause of action for wrongful death, and money received by a compromise settlement stands on the same basis as if it had been recovered by litigation. *In re Estate of Ives*, 248 N.C. 176, 102 S.E. 2d 807, 72 A.L.R. 2d 278, with annotation; *McGill v. Freight, supra.*

All concerned parties appear satisfied with the amount of the settlement obtained by the administratrix in this case. There is no evidence of bad faith or fraud and the administratrix seems to have exercised the care of an ordinarily prudent person in negotiating the compromise. The funds received in compromise should, therefore, be distributed in the same manner as if obtained after litigation.

To determine what constitutes damages recoverable for death by wrongful act and how such damages are to be distributed necessitates a careful look at the wrongful death statute, G.S. 28-173, which *was not* changed by the General Assembly in 1969, and the statute providing damages recoverable for death by wrongful act, G.S. 28-174, which *was* changed by the General Assembly in 1969.

Plaintiff, Forsyth County, seeks to recover a *debt* of decedent. Under G.S. 28-173, before 1969 and now, the amount recovered in an action for wrongful death under the statute "is not liable to be applied as assets, in the payment of debts . . . " with certain exceptions not here applicable. If the funds obtained by compromise settlement are for damages recoverable for death by wrongful act, the plaintiff has no enforceable claim against these funds or any portion of them.

G.S. 28-174, as rewritten in 1969, now reads:

> "*Damages recoverable for death by wrongful act; evidence of damages.*— (a) Damages recoverable for death by wrongful act include:

(1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

(2) Compensation for pain and suffering of the decedent;

(3) The reasonable funeral expenses of the decedent;

(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

a. Net income of the decedent,

b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

(5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence;

(6) Nominal damages when the jury so finds.

(b) All evidence which reasonably tends to establish any of the elements of damages included in subsection (a), or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages recovered, is admissible in an action for damages for death by wrongful act."

[2, 3] Under the present provisions of G.S. 28-174 the conclusion seems inescapable that all of the items of damage which might conceivably have been set out in a claim for personal injuries prior to death are now includable in an action for damages for death by wrongful act. Any recovery in an action for wrongful death would of necessity cover these express items. All damages "recoverable for death by wrongful act" as enumerated in G.S. 28-174 are subject to the exemption conferred by G.S. 28-173. The plain language of the two statutes as presently in effect, in our judgment, permits no other result. "Where the language of a statute is clear and unambiguous, there is no

room for judicial construction and the courts must give it its plain and definite meaning. . . . " 7 Strong, N. C. Index 2d, Statutes, § 5, p. 77; *Canteen Service v. Johnson, Comr. of Revenue*, 256 N.C. 155, 123 S.E. 2d 582, 91 A.L.R. 2d 1127; *Hedrick v. Graham*, 245 N.C. 249, 96 S.E. 2d 129.

We cannot speculate about what the General Assembly may have intended to say when it is clear what they did say. In the context of the present factual situation, we hold that there is no inconsistency in the two statutes, G.S. 28-173 and G.S. 28-174, which cannot be reconciled and give effect to both as written. In *U. S. v. Missouri Pacific Railroad Co.*, 278 U.S. 269, 278, 73 L.Ed. 322, 377, 49 S.Ct. 133, 136 (1928), the Supreme Court said:

" . . . [W]here the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended."

If there is to be any change in G.S. 28-173 or G.S. 28-174, which are now clear as written, it is a matter for the legislature, not the court.

We have carefully considered the other assignments of error brought forth by plaintiff and find them without merit.

As plaintiff's claim is a debt which is collectible only from the general assets of the decedent's estate, and the settlement here constitutes a specific fund recovered for death by wrongful act under the terms of G.S. 28-174, the payment of plaintiff's claim from the settlement would not be enforceable.

Defendant administratrix is entitled to summary judgment adjudicating that the funds represented by the compromise settlement are not subject to the payment of plaintiff's claim.

Affirmed.

Judges BRITT and HEDRICK concur.