MARY H. CHRISTENBURY v. DANNY L. HEDRICK, ADMINISTRATOR OF THE ESTATE OF JAMES STEWART CHRISTENBURY, DECEASED

No. 7625SC799

(Filed 6 April 1977)

**Parent and Child § 2— death of child — parent's action against spouse**

The mother of two unemancipated minor children whose deaths allegedly resulted from her deceased husband's negligent operation of an automobile was not entitled to maintain an action in her individual capacity against her deceased husband's estate to recover ambulance, medical, funeral and burial expenses and an amount equal to the value of the lives of the children to plaintiff, including loss of (a) net income of the children during their minority, (b) services, protection, care and assistance of the children, and (c) society, companionship, comfort, guidance, kindly offices and advice of the children, since the sole remedy for recovery of all of the damages sought

by plaintiff was a wrongful death action by the personal representative of the deceased children. G.S. 28A-18-2.

APPEAL by plaintiff from *Ervin, Judge.* Order entered 17 May 1976 in Superior Court, CATAWBA County. Heard in the Court of Appeals 10 March 1977.

Plaintiff, mother of two minor, unemancipated children who died as the result of an automobile collision on 24 April 1974, instituted this action in her individual capacity against the administrator of the estate of her deceased husband. Plaintiff alleges that while her two children, ages eight and thirteen, were riding as passengers in an automobile being operated by defendant's intestate, her said husband, he negligently drove his automobile across the center line of a highway thereby causing a collision with another automobile; that intestate and both children received injuries in the collision which caused their deaths; that intestate died first.

Plaintiff seeks to recover for ambulance, medical, funeral and burial expenses, and an amount equal to the value of the lives of the children to plaintiff, including loss of (a) net income of the decedents during their minority, (b) services, protection, care and assistance of the decedents, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedents.

Defendant filed a motion to dismiss pursuant to Rule 12 (b) (6) alleging that the complaint fails to state a claim upon which relief can be granted. In his motion defendant points out that the accident occurred before 1 October 1975 on which date G.S. 1-539.21 became effective. Defendant asked the court to take judicial notice of the fact that a prior action was instituted by Mary H. Christenbury, as administratrix of the estates of her said children, against defendant administrator; that said action was dismissed on 10 January 1976 for failure to state a claim for relief; and that plaintiff did not appeal.

A hearing was held on the motion and the action was dismissed for failure of the complaint to state a claim for relief. From the entry of an order dismissing the action, plaintiff appealed.

*Sigmon and Sigmon, by Jesse Sigmon, Jr., for the plaintiff appellant.*

*Byrd, Byrd, Ervin & Blanton, P.A., by Robert B. Byrd, for defendant appellee.*

BRITT, Judge.

Did the trial court err in concluding that the complaint does not state a claim upon which relief can be granted and dismissing the action? We hold that it did not.

Decision in this case involves construction and application of our wrongful death statute since the amendments of 1969. The statute, now codified as G.S. 28A-18-2 provides in pertinent part:

> "Death by wrongful act of another; recovery not assets.— (a) when the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony. The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding five hundred dollars ($500.00) incident to the injury resulting in death; . . . .

> "(b) Damages recoverable for death by wrongul act include:

> (1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

> (2) Compensation for pain and suffering of the decedent;

> (3) The reasonable funeral expenses of the decedent;

> (4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, includ-

ing but not limited to compensation for the loss of the reasonably expected:

    a. Net income of the decedent,

    b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

    c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

    (5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence;

    (6) Nominal damages when the jury so finds.

    "(c) All evidence which reasonably tends to establish any of the elements of damages included in subsection (b), or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages recovered, is admissible in an action for damages for death by wrongful act."

    Subsections (b) and (c) as set forth above were enacted by Chapter 215 of the 1969 Session Laws and became effective on 14 April 1969.

    Specifically, we are faced with the question whether the wrongful death statute above quoted precludes plaintiff from asserting her alleged cause of action.

    It is well settled that the common law of England is in force in this State to the extent that it is not destructive of, repugnant to, or inconsistent with our form of government, and to the extent that it has not been abrogated or repealed by statute or has not become obsolete; however, when the General Assembly legislates in respect to the subject matter of any common law rule, the statute supplants the common law and becomes the public policy of this State in respect to that particular matter. 3 Strong, N. C. Index 3d, Common Law, § 1, pp. 130, 131, and cases therein cited.

    An action for wrongful death did not exist at common law and rests entirely upon the quoted statute. *Graves v. Welborn,*

Christenbury v. Hedrick

260 N.C. 688, 133 S.E. 2d 761 (1963) ; *Colyar v. Motor Lines,* 231 N.C. 318, 56 S.E. 2d 647 (1949). A review of pertinent decisions of our appellate division leads us to perceive that any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute.

We think each of the elements of damage which plaintiff seeks to recover in the instant case are now included in our wrongful death statute quoted above. In fact, in her complaint plaintiff adopts some of the same language and terms employed in G.S. 28A-18-2(b).

The only element that gives us serious concern is that for loss of services that the children might have rendered between the time of the collision and their deaths. The complaint does not state the dates of their deaths. Even so, due to the young ages of the children and the fact that they survived their father, plaintiff would be the person "entitled to receive the damages recovered" under G.S. 28A-18-2(b) (4). *See* G.S. 29-15(3). That being true, we think any claim she has for loss of services between the time of the injuries and the time of the deaths is encompassed by the statute.

We are aware of the following language found in *Gibson v. Campbell,* 28 N.C. App. 653, 654, 222 S.E. 2d 449, 450-451 (1976) :

> "When an unemancipated minor child receives bodily injuries as result of the tortious conduct of another, a cause of action arises in the parent to recover from the tort feasor for loss of services of the child during its minority. *Kleibor v. Rogers,* 265 N.C. 304, 144 S.E. 2d 27 (1965) ; 3 Lee, North Carolina Family Law, § 241; Annot., 32 A.L.R. 2d 1060 (1953). However, if the child dies as a result of such tortious conduct, there can be no recovery for loss of services for the period following the death, *though the parent may still recover damages for loss of services of the child for the period intermediate its injury and death. White v. Comrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 825 (1940). . . ." (Emphasis ours.)

We do not consider the emphasized statement binding on us here. In the first place, the statement was *obiter dictum* as the child in that case died instantly following the injury complained

of. In the second place, the authority cited for the statement predated the 1969 amendments to the wrongful death statute.

Our wrongful death statute is not penal but is remedial in its nature, and it should be given such construction as will effectuate the intention of the Legislature in enacting it. *Hall v. R.R.*, 149 N.C. 108, 62 S.E. 899 (1908); *Vance v. R.R.*, 138 N.C. 460, 50 S.E. 860 (1905). We think the intent of the Legislature was well stated by Judge Baley in *Forsyth Co. v. Barneycastle*, 18 N.C. App. 513, 516, 197 S.E. 2d 576, 578, *cert. denied*, 283 N.C. 752, 198 S.E. 2d 722 (1973), as follows:

> "Under the present provisions of G.S. 28-174 [now G.S. 28A-18-2] the conclusion seems inescapable that all of the items of damage which might conceivably have been set out in a claim for personal injuries prior to death are now includable in an action for damages for death by wrongful act. Any recovery in an action for wrongful death would of necessity cover these express items. . . ."

Plaintiff relies very heavily on our decision in *Crawford v. Hudson*, 3 N.C. App. 555, 165 S.E. 2d 557 (1969). Suffice it to say, the decision in that case predated the 1969 amendments to the wrongful death statute.

We note the allegation in defendant's motion for dismissal that plaintiff, as administratrix of the estates of her two children, had previously brought an action for their wrongful deaths and that the action was dismissed. No doubt the trial court followed *Skinner v. Whitley*, 281 N.C. 476, 189 S.E. 2d 230 (1972), in which case the Supreme Court held that the administrator of an unemancipated child cannot bring an action against the administrator of his father for wrongful death caused by the ordinary negligence of the deceased father in the operation of an automobile.

Since that time, the General Assembly has seen fit to abolish the parent-child immunity in motor vehicle cases by enacting G.S. 1-539.21, effective 1 October 1975, which provides: "The relationship of parent and child shall not bar the right of action by a minor child against a parent for personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent." Obviously, the provisions of this new statute were not available to plaintiff.

For the reasons stated, the order appealed from is

Affirmed.

Judges HEDRICK and CLARK concur.