BRUCE BOULTON, INDIVIDUALLY AS FATHER OF CHAD E. BOULTON v. ONSLOW COUNTY BOARD OF EDUCATION

No. 8110IC1193

(Filed 21 September 1982)

Death § 7— wrongful death award combined with additional medical and funeral expenses award erroneous

In a wrongful death action arising from a school bus accident in which plaintiff's son was killed, the Industrial Commission erred in awarding plaintiff, as administrator of his son's estate, a wrongful death recovery of $30,000 and in additionally awarding him, individually, the medical and funeral expenses he incurred as a result of his son's death. Pursuant to G.S. 28A-18-2(b)(1), (3), the medical and funeral expenses which plaintiff incurred as

the. result of the death of his minor son were encompassed in the wrongful death award he obtained as administrator of the son's estate. The separate award of these expenses to him in his individual capacity was error.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and Award entered 7 July 1981. Heard in the Court of Appeals 1 September 1982.

Defendant appeals from an award to plaintiff of medical and funeral expenses incurred as a result of the death of plaintiff's minor son.

*Brumbaugh & Donley, by Patrick M. Donley, for plaintiff appellee.*

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for defendant appellant.*

WHICHARD, Judge.

The parties stipulated that the death of plaintiff's five year old son was proximately caused by injuries he sustained when run over by a school bus owned by defendant and being operated by its agent within the scope of his employment. The Industrial Commission awarded plaintiff, as administrator of his son's estate, a wrongful death recovery of $30,000, the maximum allowed by the State Tort Claims Act, G.S. 143-291, at the time of the accident. It also awarded him, individually, the medical and funeral expenses he incurred as a result of his son's death.

The sole issue is whether plaintiff may recover these medical and funeral expenses in his individual capacity in addition to his recovery, as administrator, of a wrongful death award. We hold that he cannot, and accordingly reverse.

Plaintiff correctly asserts that under the common law of North Carolina a personal injury to a minor child, proximately caused by the negligence of another, gave rise to two distinct causes of action—one by the child for damages for the personal injury, and a second by the parent for, *inter alia*, expenses incurred for necessary medical treatment of the child. *E.g., Clary v. Board of Education*, 285 N.C. 188, 192, 203 S.E. 2d 820, 823-24 (1974), *withdrawn and superseded on other grounds*, 286 N.C. 525, 212 S.E. 2d 160 (1975); *Kleibor v. Rogers*, 265 N.C. 304, 306, 144

S.E. 2d 27, 29 (1965). "[H]owever, when the General Assembly legislates in respect to the subject matter of any common law rule, the statute supplants the common law and becomes the public policy of this State in respect to that . . . matter." *Christenbury v. Hedrick*, 32 N.C. App. 708, 711, 234 S.E. 2d 3, 5 (1977).

The General Assembly has provided that damages recoverable for death by wrongful act include, *inter alia*, "[e]xpenses for care, treatment and hospitalization incident to the injury resulting in death" and "[t]he reasonable funeral expenses of the decedent." G.S. 28A-18-2(b)(1), (3). This Court has held that any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute, and accordingly has held proper the dismissal of an action by the surviving mother of unemancipated minor children who died as a result of an automobile collision, in which action the mother sought recovery in her individual capacity of, *inter alia*, medical and funeral expenses incurred on behalf of the children. *Christenbury v. Hedrick, supra*. We find that decision controlling here.

Plaintiff contends that because the wrongful death recovery here is limited to a maximum of $30,000, which the Industrial Commission found to be inadequate compensation for the loss plaintiff incurred, the holding in *Christenbury* should not apply. The Court there stated, however, that "*any* common law claim which is now encompassed by the wrongful death statute must be asserted under that statute." *Christenbury*, 32 N.C. App. at 712, 234 S.E. 2d at 5 (emphasis supplied). Such claims thus must be uniformly so asserted, and plaintiff's argument is untenable.

The Industrial Commission stated that the recovery of medical expenses by plaintiff was permissible because plaintiff's son, had he lived, would not have had a claim therefor; and allowance of medical and funeral expenses to plaintiff thus would not result in double recovery. Such was equally the case in *Christenbury*, however. The defendant there was the estate of the father of the minor decedents. Because parent-child immunity then obtained, the minor decedents there likewise would have had no claim for their medical expenses; and allowance of medical and funeral expenses to their mother would not have resulted in double recovery. The court nevertheless held that the claims had to be asserted under the wrongful death statute.

Pursuant to G.S. 28A-18-2(b)(1), (3), as interpreted and applied by this Court in *Christenbury*, the medical and funeral expenses which plaintiff incurred as a result of the death of his minor son were encompassed in the wrongful death award he obtained as administrator of the son's estate. The separate award of these expenses to him in his individual capacity is accordingly

Reversed.

Chief Judge MORRIS and Judge WEBB concur.