WILLIAM THOMAS ALSTON, as Personal Representative for the Estate of EDWARD BRADDOCK ALSTON, Plaintiff v. BRITTHAVEN, INC., d/b/a BRITTHAVEN OF LOUISBURG, Defendant

No. COA05-385

(Filed 2 May 2006)

## Negligence— wrongful death—survivorship claim for pre-death injuries

The trial court abused its discretion in a negligence case by concluding that plaintiff was not entitled to proceed on both claims for his father's wrongful death as well as his injury, pain and suffering, and medical expenses prior to his death, and plaintiff is entitled to a new trial on the survivorship claim for pre-death injuries, because: (1) plaintiff's complaint listed five distinct claims, only one of which was entitled wrongful death; (2) except for the punitive damages claim, each claim included a request for damages in excess of $10,000, and the damages were not lumped together and did not give the appearance of relating to a single claim, but rather separate claims for damages sustained by reason of the negligent actions of defendants during decedent's lifetime as well as their negligence allegedly causing his death; (3) several of the damages plaintiff pled in the complaint including loss of dignity, scars and disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, and discomfort, are not damages recoverable under N.C.G.S. § 28A-18-2; (4) plaintiff presented substantial evidence at trial, notwithstanding any evidence defendant may have presented to the contrary, to allow the jury to conclude defendant negligently failed to prevent decedent's pressure sores and those pressure sores caused him pain and suffering prior to death; (5) plaintiff's pretrial issues, in addition to his pleadings and evidence at trial, gave notice to defendant and the trial court he intended to present to the jury the issue of decedent's injuries separately from the issue of his death; (6) wrongful death and survivorship claims may be brought as alternative claims for the same negligent acts when they may have caused either or both decedent's pre-death injuries and wrongful death; and (7) where a viable alternate explanation, other than defendant's negligent or wrongful act, exists for the cause of decedent's death, but the evidence also indicates defendant's negligence or wrongful act caused the decedent pain and suffering and/or medical expenses prior to his

ALSTON v. BRITTHAVEN, INC.

[177 N.C. App. 330 (2006)]

death, a plaintiff has the right to present those pre-death claims to a jury separately from the wrongful death claim.

Appeal by plaintiff from judgment entered 14 May 2004 and order denying a new trial entered 24 May 2004 by Judge Henry V. Barnette, Jr. in Franklin County Superior Court. Heard in the Court of Appeals 23 January 2006.

*McLean & Cardillo, P.A., by F. Edward Kirby, Jr. and J. Brett Davis, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Michael C. Hurley, for defendant-appellee.*

*Ferguson, Stein, Chambers, Gresham & Sumter, P.A., by Adam Stein, and Bunn & Arnold, by Kevin Bunn, amicus curiae for the North Carolina Academy of Trial Lawyers.*

*Kenneth L. Burgess, amicus curiae for North Carolina Health Care Facilities Association, North Carolina Medical Society, and North Carolina Hospital Association.*

MARTIN, Chief Judge.

Plaintiff, as personal representative for Edward Braddock Alston ("Mr. Alston"), deceased, brought this action alleging negligence on the part of defendant Britthaven, Inc., d/b/a Britthaven of Louisburg. Defendant answered, denying negligence and asserting affirmative defenses.

The evidence at trial, summarized briefly and only to the extent required to address the issue raised on appeal, showed that on 27 March 1996, Mr. Alston entered Britthaven of Louisburg ("Britthaven"), a nursing home in Louisburg, North Carolina. Britthaven is part of a chain of nursing homes run by defendant. At the time, Mr. Alston was seventy-eight years old and suffering from Alzheimer's disease. Over the next few years, his health deteriorated to the point where he could no longer walk. Eventually, Mr. Alston became so weak he could no longer re-position himself in bed. In early 1999, Mr. Alston was assessed as being at risk for developing pressure sores, or skin ulcers, from his inability to move. By 8 March 1999, he had developed an open pressure sore on his left hip which required daily cleaning and dressing. Mr. Alston continued to develop pressure sores, including sores on his feet, hips and sacrum. Some of these sores reached Stage Four, the most severe level, which involves

ALSTON v. BRITTHAVEN, INC.

[177 N.C. App. 330 (2006)]

damage to the skin tissue, muscle, and bone. Mr. Alston's feet became gangrenous, ultimately requiring the amputation of his legs above the knees.

Mr. Alston died on 24 June 1999. Plaintiff presented expert medical testimony that the cause of Mr. Alston's death was septicemia, or an infection which entered into his bloodstream. Plaintiff argued the cause of the infection was the pressure sores which defendant negligently failed to prevent. Defendant presented conflicting expert medical testimony that the cause of death was Alzheimer's dementia, a terminal illness.

Plaintiff proposed the following issues for submission to the jury:

1. Was Edward Braddock Alston injured by the negligence of the Defendant?

2. What amount is the estate of Edward Braddock Alston entitled to recover from the Defendant for the injuries caused by Defendant's negligence?

3. Was Edward Braddock Alston's death caused by the negligence of Defendant?

4. What amount is the estate of Edward Braddock Alston entitled to recover for the death of Edward Braddock Alston?

The trial court denied plaintiff's request to submit the first two issues and submitted only the following:

1. Was the death of the decedent, Edward Braddock Alston, proximately caused by the negligence of the defendant, Britthaven, Inc., d/b/a Britthaven of Louisburg?

2. What amount of damages is the plaintiff, William Thomas Alston, personal representative of the estate of Edward Braddock Alston, entitled to recover by reason of the death of decedent, Edward Braddock Alston?

After the jury was instructed, plaintiff renewed his objection to the court's failure to submit the issues and instruct the jury regarding Mr. Alston's pre-death injuries, arguing

The plaintiff believes that the Court has given a charge to the jury that does not conform to the evidence, that will mislead the jury, and that it was an abuse of discretion by the Court to grant and give a charge to the jury that does not allow the jury to consider

whether or not the defendant's negligence resulted in injuries to the [decedent], absent a finding that the defendant's negligence resulted in death to the [decedent].

His objection was overruled.

The jury answered the first issues submitted to it in favor of defendants. Plaintiff moved for a new trial, arguing that (1) he was entitled to prosecute claims of the decedent for personal injuries other than death, (2) he presented the two issues regarding the decedent's injuries to the trial court before trial as "proposed jury issues," (3) he pled decedent's injuries as a claim for relief in his complaint, (4) he presented evidence during the trial that would allow the jury to determine defendant's negligence caused decedent's injuries while not causing his death, (5) he properly objected to the trial court's failure to submit the requested issues to the jury, and (6) the trial court's failure to present these issues was reversible error. The trial court denied plaintiff's motion for a new trial. Plaintiff then gave notice of appeal from both the judgment entered on the verdict and the order denying his motion for a new trial.

---

This case presents the issue of whether the pleadings and evidence were sufficient to support a claim for damages for injuries sustained by Mr. Alston prior to his death as an alternative to plaintiff's claim for Mr. Alston's wrongful death where (1) the same injuries are the basis for both the survivorship and wrongful death claims and (2) a jury might find the defendant's negligence did not result in the decedent's death but did result in his injuries prior to death. Under North Carolina's survivorship statute, claims in favor of or against a decedent at the time of his death "shall survive to and against the personal representative or collector of his estate." N.C. Gen. Stat. § 28A-18-1(a) (2005). This statute entitled plaintiff to bring a claim for relief against defendant for any claim his father had against defendant at the time of his death. *McIntyre v. Josey*, 239 N.C. 109, 111, 79 S.E.2d 202, 203 (1953) (stating that "all causes of action survive the death of the person in whose favor or against whom they have accrued," except those listed in subsection (b), including libel, slander, false imprisonment, and causes of action where the relief sought could not be enjoyed or granting it would be nugatory after death). Plaintiff argues defendant's negligence resulted not only in his father's death, but also in injury, pain and suffering, and medical expenses prior to his death. We conclude plaintiff was entitled to proceed on both claims and, therefore, we must remand for a new trial on the survivorship claim.

ALSTON v. BRITTHAVEN, INC.

[177 N.C. App. 330 (2006)]

The standard of review on appeal from a trial court's refusal to submit requested issues to a jury is whether the refusal was an abuse of the court's discretion. "[T]he trial court has wide discretion in presenting the issues to the jury and no abuse of discretion will be found where the issues are 'sufficiently comprehensive to resolve all factual controversies.' " *Murrow v. Daniels*, 321 N.C. 494, 499-500, 364 S.E.2d 392, 396 (1988) (citation omitted). It is well-settled that a trial court must submit to a jury all issues that are "raised by the pleadings and supported by the evidence." *Johnson v. Massengill*, 280 N.C. 376, 384, 186 S.E.2d 168, 174 (1972); *Indiana Lumbermen's Mut. Ins. Co. v. Champion*, 80 N.C. App. 370, 379, 343 S.E.2d 15, 21 (1986). Therefore, we must examine plaintiff's complaint to determine whether a survivorship claim for Mr. Alston's pre-death injuries was sufficiently pled apart from the claim for his death, and we must examine the entire record to determine whether this claim was supported by the evidence presented at trial. We must also determine whether the two issues submitted to the jury were sufficient to "resolve all factual controversies." *Murrow*, 321 N.C. at 499-500, 364 S.E.2d at 396.

With respect to the jury charge, this Court reviews jury instructions contextually and in their entirety. *Jones v. Satterfield Dev. Co.*, 16 N.C. App. 80, 86, 191 S.E.2d 435, 439-40, *cert. denied*, 282 N.C. 304, 192 S.E.2d 194 (1972). If the instructions "present[] the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed," then they will be held to be sufficient. *Id.* at 86-87, 191 S.E.2d at 440. The appealing party must demonstrate that the error in the instructions was likely to mislead the jury. *Robinson v. Seaboard Sys. R.R., Inc.*, 87 N.C. App. 512, 524, 361 S.E.2d 909, 917 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). As with a requested issue, "[w]hen a party aptly tenders a written request for a specific instruction which is correct in itself and supported by evidence, the failure of the court to give the instruction, at least in substance, is error." *Maglione v. Aegis Family Health Ctrs.*, 168 N.C. App. 49, 56, 607 S.E.2d 286, 291 (2005) (quoting *Faeber v. E.C.T. Corp.*, 16 N.C. App. 429, 430, 192 S.E.2d 1, 2 (1972)).

First we address whether plaintiff sufficiently pled a survivorship claim for decedent's pre-death injuries. Plaintiff's complaint lists five claims under "Counts" entitled "Medical Malpractice," "Negligence Per Se," "Ordinary Negligence," "Punitive Damages," and "Wrongful Death." Defendant argues the complaint stated different legal theories of recovery but only a single claim for relief, which defendant describes as "an allegation that medical malpractice by Appellee

ALSTON v. BRITTHAVEN, INC.

[177 N.C. App. 330 (2006)]

caused pressure sores that proximately resulted in wrongful death." According to defendant, plaintiff is attempting to "recast his singular claim at trial as two independent causes of action" on appeal. We disagree.

The first three "Counts" in plaintiff's complaint contain allegations primarily directed to injuries sustained by, and damages caused to, Mr. Alston rather than allegations concerning the proximate cause of his death. Under the "Count" entitled "Medical Malpractice," plaintiff alleges defendant was negligent and deviated from the applicable standard of care by, *inter alia*, the following:

(c) Failing to implement the nursing care plan focusing on the prevention of pressure sores on the resident's body;

(d) Failing to prevent the development of multiple pressure sores and promote the healing of existing pressure ulcers;

(e) Failing to properly measure, stage and document the description of pressure sores on the resident's body;

(f) Failing to maintain adequate, complete and accurate wound care records;

(g) Failing to relieve pressure from the resident's body by failing to provide him with pressure relieving devices for his bed and/or wheelchair and failing to adequately reposition him in his bed and/or wheelchair;

(h) Failing to monitor and revise Mr. Alston's nutrition care plan based on his changing condition and accompanying needs;

(i) Failing to prevent weight loss in Mr. Alston;

(j) Allowing Mr. Alston to become dehydrated;

. . .

(o) Failing to prevent pain and suffering

. . . [and]

(q) Failing to protect the resident from life-threatening circumstances.

Plaintiff further alleged that as a result, Mr. Alston suffered "loss of dignity, medical expenses, bodily injury, pain and suffering, permanent injury, scars and disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, discomfort, death and other

damages in excess of $10,000.00." Incorporating those allegations under the headings of "Negligence Per Se" and "Ordinary Negligence," plaintiff alleged that defendants had breached duties imposed by various state statutes and state and federal regulations and that:

33. Defendants owed a duty of reasonable care to Edward Braddock Alston.

34. To the extent the breach of Defendants' duties as alleged . . . above constitutes simple negligence rather than medical malpractice, this negligence is hereby pleaded.

35. As a direct and proximate result of Defendant's negligence, Mr. Alston suffered personal injury as alleged above.

36. Plaintiff is entitled to recover damages in excess of $10,000.00 for **injuries** to Mr. Alston proximately resulting from Defendant's negligence.

(Emphasis added).

Only under plaintiff's fifth "count" entitled "Wrongful Death" does he explicitly request the damages listed in N.C. Gen. Stat. § 28A-18-2, "including, but not limited to, pain and suffering, reasonable funeral expenses, loss of society, companionship, love, and comfort of Mr. Alston to his family, and punitive damages, in an amount in excess of $10,000.00." See N.C. Gen. Stat. § 28A-18-2(b) (2005).

This Court has previously held that where, upon reading the complaint as a whole, the complaint appeared to allege only a single claim for wrongful death, a plaintiff had not stated a claim for a survivorship action. In *Locust v. Pitt County Memorial Hospital*, 154 N.C. App. 103, 107, 571 S.E.2d 668, 672 (2002), *rev'd on other grounds*, 358 N.C. 113, 591 S.E.2d 543 (2004), this Court undertook to "determine whether Plaintiff's complaint alleged damages solely under the Wrongful Death Act or included a survival action as well." The Court found that "[i]n her complaint, Plaintiff states a claim 'for the wrongful death of [Lester] Tyson' and then proceeds to plead all the damages listed in section 28A-18-2(b)." *Id.* at 108, 571 S.E.2d at 672. Similarly, in *In re Estate of Parrish*, 143 N.C. App. 244, 255, 547 S.E.2d 74, 81 (2001), proceeds from an action were held to be wrongful death proceeds rather than assets of the decedent's estate where the "damages pled by [plaintiff] are virtually identical to those available under the Wrongful Death Statute," and the prayer for relief requested "all damages recoverable for [Parrish's] wrongful death."

*Id.* The Court in *Locust* noted that damages were alleged only once without any indication as to what amount of damages was sought pursuant to the wrongful death act and what amount was related to the survivorship claim. The Court stated, "it appears the damages sought were lumped together because they related to a single claim: wrongful death." *Locust*, 154 N.C. App. at 108, 571 S.E.2d at 672.

The instant case is distinguishable from these cases in several ways. First, as previously noted, plaintiff's complaint listed five distinct claims, only one of which was entitled "Wrongful Death." Second, except for the punitive damages claim, each claim included a request for "damages in excess of $10,000.00." Because the damages were not "lumped together" as in *Locust*, they did not give the appearance of relating to "a single claim" but rather separate claims for damages sustained by Mr. Alston by reason of the negligent actions of defendants during his lifetime as well as their negligence allegedly causing his death. *Id.* Third, several of the damages plaintiff pled in the complaint, including "loss of dignity, . . . scars and disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, [and] discomfort," are not damages recoverable under N.C. Gen. Stat. § 28A-18-2. Unlike *Locust* and *Parrish*, then, not all the damages pled were "virtually identical to those available under the Wrongful Death Statute." *Parrish*, 143 N.C. App. at 255, 547 S.E.2d at 81. We therefore conclude, upon reading plaintiff's complaint as a whole, that it sufficiently stated a survivorship claim for decedent's pre-death injuries separate and distinct from the wrongful death claim.

We now address the question of whether plaintiff presented sufficient evidence at trial of decedent's pre-death injuries. Plaintiff argues that "[a]t trial, much of the expert testimony elicited by both parties related to the questions of preventability of Mr. Alston's pressure sores, the treatment of those wounds in the three months before his death, and whether and to what degree the wounds caused him pain." We agree, and defendant concedes that "[t]he existence and sufficiency of this evidence are not at issue."

Plaintiff presented two medical experts who testified that pressure sores are preventable and treatable. Edna Atwater, the director of Duke University Medical Center's Wound Management Clinic, testified her clinic had been able to prevent the development of pressure sores through turning and repositioning every two hours, nutrition, incontinent care, and skin care. Dr. Mary Rudyck, a geriatric expert, testified such prevention measures "helped prevent pressure ulcers from developing" and Britthaven could have prevented the ulcers if

"minimum standards of care had been met." Three of the decedent's family members testified that every time they visited Mr. Alston he was lying on his back for the length of the visit, and they never saw him positioned differently.

Dr. Rudyck also testified that pressure sores cause "much discomfort for the patient" and that "people certainly can experience pain from pressure ulcers." She stated Mr. Alston "started to pull his dressings out of his wound," which may have been "an indication that he was having pain from what they were using to clean the wound." Sandra Alston, decedent's daughter-in-law, testified that Mr. Alston would "moan . . . and pull on the bed" as if he were in pain.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). We conclude plaintiff presented substantial evidence at trial, notwithstanding any evidence defendant may have presented to the contrary, to allow the jury to conclude defendant negligently failed to prevent Mr. Alston's pressure sores and those pressure sores caused him pain and suffering prior to death. Therefore, because they were properly pled and supported by the evidence at trial, the trial court should have submitted to the jury the two additional issues requested by plaintiff.

We must also note plaintiff submitted these issues as "proposed jury issues" to the trial court prior to trial. Defendant and the trial court each executed the "Pre-trial Order" containing these proposed issues, labeled as "Defendant's Exhibit E." However, during the jury charge conference, the trial court stated it was not aware plaintiff had wanted the jury to consider the question of decedent's pre-death injuries outside the context of a wrongful death claim. Defendant claims on appeal that plaintiff's post-trial attempt "to invent new theories of damages and causation . . . [was] beyond the power of the defendant to anticipate, much less rebut." However, we have already determined that plaintiff pled and argued a survivorship claim in addition to a wrongful death claim. Plaintiff's pre-trial issues, in addition to his pleadings and evidence at trial, clearly gave notice to defendant and the trial court he intended to present to the jury the issue of Mr. Alston's injuries separately from the issue of Mr. Alston's death. Therefore, we believe neither defendant nor the trial court should have been surprised by plaintiff's request to submit these issues to the jury, nor do we believe the jury would have been confused by their submission. The jury heard ample evidence regarding Mr.

Alston's injuries, and it could have reasonably determined that Mr. Alston's injuries, though not his death, were caused by defendant's negligence.

We must also determine whether wrongful death and survivorship claims may be brought as alternative claims for the same negligent acts. We hold that they can. Defendant argues that in order to bring pure survivorship and wrongful death claims in the same suit, they must arise out of different injuries. Therefore, plaintiff should have delineated which pressure sores caused Mr. Alston's death and which sores caused him pain and suffering prior to death. We disagree. If the jury concluded Mr. Alston died of Alzheimer's disease rather than an infection from the pressure sores, it could still reasonably determine that defendant's negligence caused the pressure sores and that any or all of those sores caused Mr. Alston pain and suffering prior to death. Defendant's argument in this respect has no merit.

"The general rule in the law of damages is that all damage resulting from a single wrong or cause of action must be recovered in one suit." *Bruton v. Carolina Power and Light Co.*, 217 N.C. 1, 7, 6 S.E.2d 822, 826 (1940). Otherwise, the claim may be barred later by the doctrine of *res judicata,* if, in the exercise of "reasonable diligence," it "could and should have been brought forward" in the original suit. *Id.* In *Bowen v. Constructors Equipment Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973), our Supreme Court discussed the manner in which wrongful death and pre-death injuries should be submitted to the jury when brought in the same suit:

> Manifestly, a defendant may not be required to pay these elements of damage [medical costs, pain and suffering, and punitive damages] twice. If the two causes of action are joined in one complaint, each should be stated separately; if separate actions are instituted, they should be consolidated for trial. Unless rendered unnecessary by stipulation, separate issues should be submitted (1) as to whether the decedent was injured by the wrongful act of the defendant, and (2) as to whether the decedent's death was caused by the wrongful act of the defendant.

*Bowen,* 283 N.C. at 421, 196 S.E.2d at 807. Therefore, these claims can be "joined in one complaint," and when they are, the Supreme Court suggested precisely what plaintiff sought to do here: submit separate issues where the defendant's negligence or wrongful act may have caused either or both the decedent's pre-death injuries and wrongful death.

ALSTON v. BRITTHAVEN, INC..

[177 N.C. App. 330 (2006)]

It is vital to distinguish this case from those where no alternate explanation exists as to the cause of death. In such cases, pursuant to the 1969 statutory changes, the survivorship claims included in the wrongful death statute, which are pain and suffering, medical costs, and punitive damages, may be pursued as part of a wrongful death action. *Locust*, 154 N.C. App. at 107, 571 S.E.2d at 671; *Parrish*, 143 N.C. App. at 254, 547 S.E.2d at 80. However, where a viable alternate explanation, other than defendant's negligence or wrongful act, exists for the cause of decedent's death, but the evidence also indicates defendant's negligence or wrongful act caused the decedent pain and suffering and/or medical expenses prior to his death, a plaintiff has the right to present those pre-death claims to a jury separately from the wrongful death claim. Otherwise, the plaintiff might be prevented from even a single recovery for those injuries as they would never reach the jury for consideration.

The *Bowen* Court raises the issue of the potential for double recovery when these two claims for relief are brought in the same suit. The wrongful death statute includes damages for pain and suffering and medical expenses, and if so instructed, a jury's award for wrongful death will provide for those injuries. N.C. Gen. Stat. § 28A-18-2(b) (2005) (stating that "[d]amages recoverable for death by wrongful act include: (1) [E]xpenses for care, treatment and hospitalization incident to the injury resulting in death; (2) [C]ompensation for pain and suffering of the decedent"); *see also Locust*, 154 N.C. App. at 107, 571 S.E.2d at 671 ("In 1969, the General Assembly modified the Wrongful Death Act to include recovery for the decedent's pain and suffering and hospital care"); *Parrish*, 143 N.C. App. at 254, 547 S.E.2d at 80 (the 1969 amendments to the wrongful death statute added "damages previously recoverable only in survival actions to the list of damages recoverable in a wrongful death action"). During oral argument before this Court, defendant argued that submitting separate issues for pre-death injuries and wrongful death could result in a double recovery because the jury might find defendant liable for both claims and award damages separately for each.

The submission of separate issues, as suggested by *Bowen*, does not alone avert the problem of double recovery. The first issue submitted to the jury should be whether the defendant's negligence or wrongful act caused the decedent's death. If the jury answers this question in the affirmative, it can then determine the amount of damages to which plaintiff is entitled for that death, including, where appropriate, those listed in the wrongful death statute for medical costs, pain and suffering, and punitive damages. The pattern jury

instructions for wrongful death address each of these damage issues. If the jury answers the first question in the negative, however, only then should it turn to the question of whether the defendant's negligence or wrongful act caused the decedent's pre-death injuries. If it answers this second question in the affirmative, it can then consider the issue of damages for these injuries, and the trial court should instruct the jury accordingly. Because the jury instructions in this case only related to the two issues regarding Mr. Alston's death, the jury was told it could not find defendant's negligence caused Mr. Alston's injuries if it did not also determine such negligence caused his death. *Robinson*, 87 N.C. App. at 524, 526, 361 S.E.2d at 917 (stating that a party must demonstrate on appeal that the error in the jury instructions "was likely, in light of the entire charge, to mislead the jury" and "[t]he trial court is required to give a party's requested instructions when they are correct and supported by the evidence").

For the foregoing reasons, we cannot conclude the two issues submitted to the jury in this case "resolve[d] all factual controversies." *Murrow v. Daniels*, 321 N.C. 494, 500, 364 S.E.2d 392, 396 (1988). The jury never determined whether defendant's negligence caused Mr. Alston's pre-death injuries, although our case law, the pleadings, and the evidence presented at trial would have allowed it to do so. We must, therefore, grant plaintiff a new trial on its survivorship claim.

New Trial.

Judges McGEE and STEELMAN concur.