STATE AUTO INSURANCE COMPANY AS SUBROGEE OF C. JAMES LELAND BANTZ AND THE ESTATE OF JAMES LELAND BANTZ BY AND THROUGH HIS ADMINISTRATOR THERESA L. BANTZ, Plaintiff v. CHRISTIAN EARL BLIND, Defendant

No. COA06-1530

(Filed 4 September 2007)

**Wrongful Death— motorcycle accident—not survivorship action**

When a single negligent act of the defendant causes a decedent's injuries and those injuries unquestionably result in the decedent's death, the plaintiff's remedy for the decedent's pain and suffering and medical expenses lies only in a wrongful death statute and must be asserted under that statute. Recovery is distributed in accordance with the intestate succession statute and is not subject to claims against the estate; otherwise, the two-year statute of limitations for wrongful death actions could be circumvented.

Appeal by plaintiff from order entered 11 August 2006 by Judge Zoro J. Guice, Jr. in Superior Court, Polk County. Heard in the Court of Appeals 24 May 2007.

*Teague Campbell Dennis & Gorham, L.L.P. by Michael D. Moore for plaintiff-appellant.*

*Robinson Elliott & Smith by Kevin D. Elliott for defendant-appellee.*

STROUD, Judge.

Plaintiff State Auto Insurance Co. appeals the trial court order awarding summary judgment to defendant Christian Earl Blind in a negligence action filed pursuant to North Carolina's survivorship statute, N.C. Gen. Stat. § 28A-18-1 (2005). Section 28A-18-1 provides that claims in favor of or against a decedent at the time of his death "shall survive to and against the personal representative or collector of his estate." N.C. Gen. Stat. § 28A-18-1 (2005). In *Alston v. Britthaven, Inc.*, this Court determined that damages arising from a decedent's pain and suffering and medical expenses that are caused by the negligent act of a defendant may be recovered under section 28A-18-1. *Alston v. Britthaven, Inc.*, 177 N.C. App. 330, 628 S.E.2d 824 (2006), *disc. rev. denied*, 361 N.C. 218, 642 S.E.2d 242 (2007). This Court's holding in *Alston* was dependent upon pleadings and evidence which suggested two possible causes of the decedent's death: one cause of death which would be considered a "wrongful act" or "neglect" under North Carolina's wrongful death statute, N.C. Gen. Stat. § 28A-18-2 (2005), and one natural cause of death. *Id.* at 340, 628 S.E.2d at 831. The dispositive question before this Court is whether plaintiff may sustain a negligence action filed pursuant to section 28A-18-1 when the pleadings allege that a single negligent act of defendant caused decedent James Leland Bantz's injuries and those injuries unquestionably resulted in Bantz's death.

On 25 May 2002, defendant collided with Bantz in a motor vehicle accident at an intersection on North Carolina Highway 28 near Franklin in Macon County, North Carolina. At that time, defendant was making a left turn from the northbound lane of Highway 28 in a 1988 Honda and Bantz was driving a Harley-Davidson motorcycle in the southbound lane of Highway 28. On 18 March 2005, plaintiff filed suit in Superior Court, Polk County alleging the following additional facts:

7. That prior to initiating his turn, defendant observed James Bantz approaching on his motorcycle.

8. That James Bantz applied his brakes but was unable to stop his motorcycle before colliding with the vehicle driven by defendant.

9. That prior to collision, James Bantz's motorcycle left a skid mark of 35 feet, 1 inch.

10. That subsequent to the collision, James Bantz was thrown from his motorcycle, coming to rest approximately 36 feet from the point of impact.

11. That as a result of the collision, James Bantz suffered massive trauma to his face and body.

12. That James Bantz was pronounced dead at the scene by emergency personnel. His body was transported to Angel Medical Center in Franklin, North Carolina where he was pronounced dead on arrival.

13. That James Bantz's death was directly and proximately caused by the collision with defendant's vehicle.

Plaintiff further alleged that defendant operated his vehicle in a negligent manner and that defendant's negligence was the "sole and proximate cause of the collision."

Based on these allegations, plaintiff brought two claims. In its first claim, entitled "Wrongful Death Action," plaintiff sought "compensatory damages for wrongful death" pursuant to N.C. Gen. Stat. § 28A-18-2 (2005). In its second claim, entitled "Survival Action," plaintiff sought "recovery at common law for [Bantz's] pain and suffering, as well as medical expenses incurred." Defendant answered, in part, that plaintiff's wrongful death claim was barred by expiration of the two-year statute of limitations set forth in N.C. Gen. Stat. § 1-53(4) (2005).

Plaintiff voluntarily dismissed its claim for wrongful death with prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) (2005). Thereafter, defendant moved for summary judgment, alleging that "[p]laintiff filed a wrongful death action after the two year statute of limitations and . . . has forwarded no evidence that would forecast this matter should move forward under any other theory of recovery." Defendant argued that plaintiff's complaint, on its face, shows that

Bantz did not experience compensable "pain and suffering" or incur "medical expenses" because Bantz, who sustained "massive trauma to his face and body," was pronounced dead by emergency medical personnel at the accident scene. Defendant did not submit affidavits or other documentary evidence in support of its motion for summary judgment but based its motion entirely on the allegations in plaintiff's complaint. Similarly, plaintiff presented no evidence and submitted no affidavits at the summary judgment hearing. Plaintiff argued that it properly pled its survivorship claim separately from its claim for the decedent's wrongful death.

Judge Zoro J. Guice, Jr. heard defendant's motion on 17 July 2006 in Superior Court, Polk County. On 11 August 2006, Judge Guice granted defendant's motion. Plaintiff appealed.

Because defendant based his argument solely on the pleadings and submitted no affidavits or documentary evidence in support of his position, defendant's motion is properly classified as a motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c). *See* N.C. Gen. Stat. § 1A-1, Rule 12(c) (2005) (explaining "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment"); *In re Quevedo*, 106 N.C. App. 574, 578, 419 S.E.2d 158, 159, *appeal dismissed*, 332 N.C. 483, 424 S.E.2d 397 (1992) ("[A] motion is treated according to its substance and not its label.").

This Court reviews the trial court's award of judgment on the pleadings *de novo*. *Toomer v. Branch Banking & Trust Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 334, *disc. rev. denied*, 360 N.C. 78, 623 S.E.2d 263 (2005). To prevail on a motion for judgment on the pleadings, the moving party must show that he is entitled to judgment as a matter of law, even when all allegations set forth in the complaint are taken as true. *De Torre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987).

N.C. Gen. Stat. § 28A-18-1(a) provides that "[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate." Claims filed pursuant to N.C. Gen. Stat. § 28A-18-1(a) are generally known as "survivorship actions."

N.C. Gen. Stat. § 28A-18-2(a) provides that

[w]hen the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages.

"Damages recoverable for death by wrongful act include . . . (1) [e]xpenses for care, treatment and hospitalization incident to the injury resulting in death" and "(2) [c]ompensation for pain and suffering of the decedent." N.C. Gen. Stat. § 28A-18-2(b). Claims filed pursuant to N.C. Gen. Stat. § 28A-18-2(a) are generally known as "wrongful death actions."

"[A]ny common law claim which is now encompassed by the wrongful death statute must be asserted under that statute." *Christenbury v. Hedrick*, 32 N.C. App. 708, 712, 234 S.E.2d 3, 5 (1977). This means that when "the elements of damage which [a] plaintiff seeks to recover" are recoverable under N.C. Gen. Stat. § 28A-18-2(b), a wrongful death action is the only action that the plaintiff may sustain to recover those damages. *Id.* (dismissing the plaintiff's common law negligence action after determining that "the elements of damage which [a] plaintiff seeks to recover" are "encompassed by" N.C. Gen. Stat. § 28A-18-2(b)). These "elements of damage" include the pain and suffering of a decedent and medical expenses incurred by a decedent. *Id.* at 703, 234 S.E.2d at 3; N.C. Gen. Stat. § 28A-18-2(b). Here, plaintiff filed a common law negligence action pursuant to North Carolina's survivorship statute, seeking recovery for Bantz's pain and suffering and medical expenses.

This Court has previously considered whether a plaintiff may plead a survivorship claim as an alternative to a wrongful death claim "where (1) the same injuries are the basis for both the survivorship and wrongful death claims and (2) a jury might find the defendant's negligence did not result in the decedent's death but did result in his injuries prior to death." *Alston*, 177 N.C. App. at 333, 628 S.E.2d at 827-28. In *Alston*, the plaintiff's claims for survivorship and wrongful death arose from alleged nursing home neglect, which caused the decedent to suffer multiple bed sores. *Id.* at 331-32, 628 S.E.2d at 826-27. The plaintiff alleged that septicemia resulting from the bed sores caused the decedent's death and sought recovery for the decedent's pain and suffering and medical expenses under both theories.

*Id.* at 332, 628 S.E.2d at 827. The defendant answered that Alzheimer's disease caused the decedent's death. *Id.*

This Court held that "wrongful death and survivorship claims may be brought as alternative claims for the same negligent acts." *Alston,* 177 N.C. App. at 339, 628 S.E.2d at 831. In so holding, the Court reasoned that the plaintiff could prevail only on its survivorship claim if the jury found that the defendant's negligence caused the decedent's bed sores but that the decedent ultimately died of another cause (Alzheimer's disease). *Id.* Correspondingly, the plaintiff could prevail on the wrongful death claim if the jury found that the defendant's negligence caused both the decedent's pain and suffering and the decedent's death. *Id.*[1] The Court's holding ensured that the plaintiff was not "prevented from even a single recovery" for the decedent's pain and suffering and medical expenses by permitting the plaintiff to recover in survivorship if his wrongful death claim failed. *Id.* at 340, 628 S.E.2d at 831-32.

However, the Court emphasized in *Alston* that

It is vital to distinguish [*Alston*] from those where no alternate explanation exists as to the cause of death. In such cases, pursuant to the 1969 statutory changes, the survivorship claims included in the wrongful death statute, which are pain and suffering, medical costs, and punitive damages, may be pursued as part of a wrongful death action.

*Id.* at 340, 628 S.E.2d at 831 (emphasis added); *see also Christenbury,* 32 N.C. App. at 712, 234 S.E.2d at 5 (explaining that "any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute"). Here, the facts alleged by plaintiff,

---

1. In so holding, this Court noted that the plaintiff was not entitled to double recovery for a single injury and stated:

The submission of separate issues . . . does not alone avert the problem of double recovery. The first issue submitted to the jury should be whether the defendant's negligence or wrongful act caused the decedent's death. If the jury answers this question in the affirmative, it can then determine the amount of damages to which plaintiff is entitled for that death, including, where appropriate, those listed in the wrongful death statute for medical costs, pain and suffering, and punitive damages. The pattern jury instructions for wrongful death address each of these damage issues. If the jury answers the first question in the negative, however, only then should it turn to the question of whether the defendant's negligence or wrongful act caused the decedent's pre-death injuries. If it answers this second question in the affirmative, it can then consider the issue of damages for these injuries, and the trial court should instruct the jury accordingly.

*Alston,* 177 N.C. App. at 340-41, 628 S.E.2d at 832.

when deemed admitted, establish that Bantz died at the accident scene of fatal injuries sustained during the collision. These injuries are the basis for both plaintiff's survivorship and wrongful death claims; thus, plaintiff seeks to recover damages for its "Survival Action," that are identical to damages plaintiff could have recovered in its "Wrongful Death Action," if plaintiff had filed its complaint in a timely manner.

Applying *Christenbury* and *Alston*, we hold that when a single negligent act of the defendant causes a decedent's injuries and those injuries unquestionably result in the decedent's death, the plaintiff's remedy for the decedent's pain and suffering and medical expenses lies only in a wrongful death claim. Such claim is "encompassed by the wrongful death statute" and "must be asserted under that statute." *Christenbury*, 32 N.C. App. at 712, 234 S.E.2d at 5. To hold otherwise would allow plaintiffs to circumvent the two-year statute of limitations for wrongful death actions set forth in N.C. Gen. Stat. § 1-53(4) (2005) by waiting an additional year before filing the same claim, titled as a "survivorship" claim. *See* N.C. Gen. Stat. § 1-52(16) (2005) (establishing a three-year statute of limitations for personal injury claims "[u]nless otherwise provided by statute") (emphasis added).

We recognize that the entity entitled to recover damages awarded in a survivorship action is different from the individuals entitled to recover damages awarded in a wrongful death action. The judgment entered in a survivorship action is an asset of the decedent's estate and is subject to claims against the estate. N.C. Gen. Stat. § 28A-18-1; *In re Estate of Parrish*, 143 N.C. App. 244, 253, 547 S.E.2d 74, 79, *disc. review denied*, 354 N.C. 69, 553 S.E.2d 201 (2001). However, recovery in a wrongful death action is distributed to the decedent's survivors in accordance with North Carolina's intestate succession statute and is not subject to claims against the decedent's estate. N.C. Gen. Stat. § 28A-18-2; *In re Estate of Parrish*, 143 N.C. App. at 253, 547 S.E.2d at 79. This Court has consistently recognized the distinction described above and applied the language of each statute as written by the North Carolina General Assembly. *See Forsyth County v. Barneycastle*, 18 N.C. App. 513, 197 S.E.2d 576, *cert. denied*, 283 N.C. 752, 198 S.E.2d 722 (1973) (reasoning that "items of damage which might conceivably have been set out in a claim for personal injuries prior to death are now includable [sic] in an action for damages for death by wrongful act" and that a creditor of the decedent's estate could not collect its debt from funds recovered in the wrongful death

action). Accordingly, this distinction does not affect our analysis in the case *sub judice.*

For the reasons stated above, the trial court did not err by granting defendant's "Motion for Summary Judgment." Accordingly, the order entered 11 August 2006 in Superior Court, Polk County by Judge Zoro J. Guice, Jr. is affirmed.

AFFIRMED.

Judges McCULLOUGH and BRYANT concur.